■ In the Matter of BRIAN S., a Child Alleged to be a Juvenile Delinquent, Respondent. In the Matter of CHRIS M., a Child Alleged to be a Juvenile Delinquent, Respondent. In the Matter of NEIL M., a Child Alleged to be a Juvenile Delinquent, Respondent.—In three juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are

from three orders of the Family Court, Queens County (Gage, J.), two dated November 10, 1987, and one dated February 11, 1988, one as to each respondent, which granted their separate motions pursuant to Family Court Act § 340.1 to dismiss the petitions.

Ordered that the orders are reversed, on the law, without costs or disbursements, the motions are denied, the petitions are reinstated, and the matter remitted to the Family Court, Queens County, for further proceedings.

We conclude that it was an improvident exercise of discretion for the Family Court to entertain the respondents' untimely motions, which were to dismiss the petitions on speedy trial grounds, filed after the commencement of the fact-finding hearing without "good cause shown" (see, Family Ct Act § 332.2 [1], [3]; § 340.1 [2], [3] [a], [b]; People v Lawrence, 64 NY2d 200).

Furthermore, we find no merit to the respondents' contention that these appeals are barred by Family Court Act § 365.1 (2) because the orders of dismissal were not entered prior to the commencement of the fact-finding hearing. Had the respondents filed their motions in a timely manner, the orders would have unquestionably been appealable and it would be untenable to preclude the presentment agency's appeals based on the respondents' own neglect (see, Matter of Eric F., 126 AD2d 39). Nor are the appeals barred by any double jeopardy principle, inasmuch as the petitions were dismissed upon the respondents' own motions and on a basis unrelated to factual guilt or innocence of the crimes charged (see, Family Ct Act § 303.2; People v Kurtz, 51 NY2d 380; People v Key, 45 NY2d 111).

In view of our determination, we do not reach the merits of the respondents' respective motions for dismissal on speedy trial grounds. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.