■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WASHINGTON F., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered May 31, 1989, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

At the suppression hearing, the People's sole witness was the arresting officer, who testified, in relevant part, that the defendant was arrested based on a radio bulletin from an undercover police officer. According to the arresting officer, during the undercover police officer's radio transmission, she stated that she had observed the defendant, who was carrying a small brown paper bag, hand "something out" to another individual, who gave some money to the defendant. Contrary to the hearing court's determination, the transmitted description of the transaction, which took place in a drug-prone location, did not provide the "requisite assurance that the observer ha[d] witnessed an illicit [drug] dealing rather than an innocent encounter" *(People v McRay,* 51 NY2d 594, 604; *see, People v Batista,* 156 AD2d 455; *People v Mills,* 145 AD2d 578). The cases relied upon by the hearing court are clearly distinguishable since in those cases, the police officers had observed a "tell-tale" sign of a drug transaction under attendant circumstances which gave rise to a conclusion that an illegal drug transaction had taken place *(see, People v McRay, supra; People v Bittner,* 97 AD2d 33). In this case, in addition

to the fact that the undercover officer did not relay to the arresting officer that she had observed a "tell-tale" sign of a drug transaction, the attendant circumstances testified to at the suppression hearing did not give rise to a conclusion that an illegal drug transaction had taken place.

Since the People failed to present sufficient proof that the defendant's arrest was based on probable cause, the defendant's application to suppress the drugs found on his person by the arresting officer should have been granted, and the indictment dismissed.

In light of our determination, we need not address the defendant's other contentions. Mangano, P. J., Bracken, Lawrence and Kunzeman, JJ., concur.