■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON JONES, Appellant.—Judgment, Supreme Court, New York County (Howard Bell, J., at trial and suppression hearing), rendered June 5, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third

degree, and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 5 to 10 years, unanimously affirmed.

On October 25, 1989, at 8:40 P.M., uniformed police officers in a marked patrol car, in a known drug location, observed defendant and two other men under a street lamp from a distance of approximately 60 feet. They observed defendant pass a small clear plastic sandwich type bag to one of the other men in exchange for money. When the officers drove within 20 feet, the men began to flee and the officers pursued on foot. Defendant was apprehended. The police officer grabbed him by the arm and walked him back one block to his partner who had apprehended the alleged purchaser. During the walk, defendant showed the officer two vials of crack he was holding in his hand. At the direction of his partner, the officer obtained a clear plastic bag containing 39 vials of crack which had been tossed under a nearby parked car by the alleged purchaser. At the precinct, defendant was searched and an additional 44 vials of crack were recovered from his pocket. After a combined *Mapp/Dunaway* hearing, the Court denied defendant's motion to suppress the two vials of crack taken at the scene and the 44 vials recovered at the precinct. Defendant was thereafter convicted after a jury trial.

On appeal, defendant contends that the Hearing Court improperly denied his motion to suppress because a stop and detention was supported by neither reasonable suspicion nor probable cause.

A forcible stop and detention of a person is authorized by a police officer if he has reasonable suspicion that a person is committing or about to commit a crime (CPL 140.50 [1]; *People v De Bour,* 40 NY2d 210, 223). Such reasonable suspicion must be based on specific and articulable facts and rational inference drawn therefrom *(People v Hicks,* 68 NY2d 234, 238). An arrest is justified upon a finding of probable cause based upon information sufficient to support a reasonable belief that a person has committed a crime *(People v Bigelow,* 66 NY2d 417, 423). An arrest occurs if the intrusion is of such magnitude that an individual's liberty of movement is significantly interrupted by police restraint *(Terry v Ohio,* 392 US 1). Not every seizure constitutes an arrest *(People v Chestnut,* 51 NY2d 14, *cert denied* 449 US 1018). An arrest is determined under an objective test of what a reasonable man, innocent of a crime, would have thought had he been in defendant's position *(People v Yukl,* 25 NY2d 585, 589, *cert denied* 440 US 851).

Here, it is clear that the actions of the police officer fell

short of the level of intrusion constituting an arrest since defendant was not placed in restraint or told he was under arrest. Further, the observance of the transaction coupled with flight gave right to a reasonable suspicion that defendant had committed a crime which would justify the initial stop and detention *(People v Leung,* 68 NY2d 734). Once defendant spontaneously revealed the two vials of crack, the level of suspicion escalated to probable cause permitting his arrest.

Even if the initial stop and detention constituted an arrest, the signs of the drug sale coupled with defendant's flight gave the police probable cause to arrest *(see, People v McRay,* 51 NY2d 594). While defendant contends that his clear plastic sandwich bag was not the type normally utilized in the drug trade, it is not so different as to warrant a reversal. This is not a situation where the police observed the exchange of a small brown paper bag for money *(see, People v Washington F.,* 167 AD2d 554). Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.