■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANNY WILSON, Respondent.—Order, Supreme Court, New York County (Dorothy Cropper, J.), entered on or about October 13, 1989, which granted defendant's motion to suppress physical evidence, unanimously affirmed.

While looking for a suspect in an unrelated matter, Officer Harvey Kane and his partner observed defendant and three or four other males standing on the southwest corner of Edgecomb Avenue and West 145th Street at 9:50 P.M. on February 20, 1989. From their unmarked police car, which was parked on the northwest corner of Edgecomb Avenue, Kane watched people walk up to defendant and hand him money. Defendant then either made "hand gestures" or handed the individuals a small object. However, Kane testified that he "couldn't really see everything that was going on" and couldn't really describe the object defendant handed to these individuals because he was on the other side of the intersection. He added that his vision was also blocked by six intervening lanes of traffic and passersby.

After observing what he described as a completed sale, in which an unapprehended individual gave defendant money and defendant handed this man an object, Kane and his partner drove across the intersection and approached defendant and the others with guns drawn. When defendant was frisked, the officer felt a hard object in his left jacket pocket. A bundle of vials attached with a rubber band was recovered from this pocket. Twenty-four bags of marijuana and $1,334 were also recovered from defendant.

The Supreme Court held that defendant's arrest was not based on probable cause and granted his motion to suppress. We agree.

In addition to arguing that defendant's arrest was supported by probable cause, on appeal, the People contend that even in the absence of probable cause, the initial seizure of defendant was justified since it was actually a *Terry*-type stop rather than an arrest *(Terry v Ohio,* 392 US 1). They maintain that since Officer Kane had a reasonable suspicion that a crime was being committed, he properly stopped and frisked defendant.

As the People concede, however, they did not present this legal theory to the hearing court, relying instead on the theory that Kane had probable cause to arrest defendant based on his observations of the purported drug transactions. It is well-settled that the actions of the police may not be upheld on a theory not argued by the People in the lower court *(People v Dodt,* 61 NY2d 408, 416; *People v Johnson,* 64 NY2d 617, 619, n 2). Accordingly, the People may not on appeal raise for the first time the claim that defendant was detained pursuant to a *Terry* stop *(People v Dodt, supra).*

In any event, by blocking the area with their patrol car, approaching defendant with guns drawn, ordering him not to move and then to face the wall with his hands up, and by immediately conducting a frisk without any inquiry whatsoever, the officers' actions clearly exceeded that of a *Terry* approach and inquiry *(Terry v Ohio, supra; People v Cantor,* 36 NY2d 106; *People v Howard,* 147 AD2d 177, *appeal dismissed* 74 NY2d 943; *People v Cornelius,* 113 AD2d 666).

In order to uphold the arrest and subsequent search of defendant then, this court must find, that contrary to the conclusion reached by the suppression court, which had the advantage of having seen and heard the witnesses and whose determination must be accorded much weight *(People v Prochilo,* 41 NY2d 759), that the officers had probable cause to make the arrest.

In *People v McRay* (51 NY2d 594), the Court of Appeals analyzed factors such as the police observation of "telltale" signs of drug activity, the high incidence of narcotic trafficking in the area in which defendant is seized and the training and experience of the police officer, in determining whether or not probable cause exists for an arrest. The observations of the police in this case, while providing a basis for a "minimal intrusion of approaching to request information" *(People v De Bour,* 40 NY2d 210, 223), did not rise to the level warranting a forcible detention *(People v Howard, supra)*. Officer Kane, who was in the area to look for a suspect in an unrelated matter, was parked some distance away from where defendant was standing with three or four men. His vision was blocked by the six intervening lanes of traffic and by people walking by. He never observed the object defendant handed over to the individuals who approached him nor did he hear any conversations. He saw no glassine envelope *(cf., People v McRay, supra)*, white envelope *(cf., People v Brown,* 124 AD2d 592, *lv denied* 69 NY2d 744) nor any other telltale sign of drug trafficking. With regard to the so-called "completed sale", Kane saw defendant hand the unapprehended man "an object" which he assumed was cocaine or crack because of the way defendant handed it to the man. Kane conceded that he was too far away to clearly define the object. A police officer's observation of an exchange between defendant and another individual of an undescribed object and United States currency is insufficient to establish probable cause to arrest defendant *(People v Washington F.,* 167 AD2d 554; *People v Batista,* 156 AD2d 455; *People v Mills,* 145 AD2d 578, *lv denied* 73 NY2d 924). Since Kane's observations were

susceptible to innocent interpretation, his immediate arrest of defendant was excessive and not based on probable cause *(see, People v Sobotker,* 43 NY2d 559).

Although the officer knew that the area was a drug prone location, this factor alone "cannot serve as the justification for untoward or excessive police behavior against those of our citizens who happen to live, work or travel in what are characterized as 'high crime areas' " *(People v Howard, supra,* at 182; *People v Marine,* 142 AD2d 368; *People v Cornelius, supra).*

Also to be noted is that Officer Kane had received just two weeks of training in narcotics at the Police Academy and had only been a member of the Tactical Narcotics Team for two months when he arrested defendant. This was Kane's first arrest at this location.

Accordingly, since defendant's arrest was not supported by probable cause, the Supreme Court properly granted his motion to suppress. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Smith, JJ.