■ In the Matter of KEVIN W., a Person Alleged to be a Juvenile Delinquent, Respondent.—Order, Family Court, New York County (Leah Ruth Marks, J.), rendered October 31, 1991, which granted respondent's motion to suppress physical evidence, unanimously affirmed, without costs.

Uniformed officers observed respondent from a distance of a hundred feet standing against a fence surrounded by three or four people in a drug-prone area. When approached by the first of these individuals, respondent put his right hand into his left inside jacket pocket, removed an object, and with a closed fist, handed it to the person who had approached him. The individual then gave respondent "what seemed to be currency" or "some kind of paper." Within the next two minutes, two other individuals separately approached respondent and the same exchanges transpired. Respondent looked up and down the block, moving his head from side to side before each person approached him. Without inquiry, the officers approached and arrested respondent, recovering fifty-three vials of cocaine and United States currency.

Respondent moved, *inter alia,* to suppress the evidence but the motion was denied. The fact-finding hearing then commenced at which the officers testified. At the close of the hearing, the court, *sua sponte,* reopened the suppression hearing on the ground that the testimony failed to establish

probable cause for the arrest, and directed the parties to submit legal memoranda on the issue. Subsequently, the court granted the suppression motion, finding, *inter alia,* that respondent's conduct was just as susceptible of an innocent interpretation as a culpable one, and that the law required more than an assumption for the police to arrest, even in a drug-prone neighborhood.

The determination of a suppression court, which has the advantage of having seen and heard the witnesses must be accorded much weight *(People v Prochilo,* 41 NY2d 759, 761). "A police officer's observation of an exchange between defendant and another individual of an undescribed object and United States currency is insufficient to establish probable cause to arrest defendant." *(People v Wilson,* 175 AD2d 15, 17, *lv denied* 78 NY2d 1015.) Furthermore, an officer's awareness that a neighborhood is drug prone alone cannot serve as the justification for intrusive police behavior *(supra,* at 18, quoting *People v Howard,* 147 AD2d 177, 182, *appeal dismissed* 74 NY2d 943). Thus, we agree with Family Court's finding that the officers' observations of respondent passing undescribed objects to three persons did not permit them to assume that the objects contained an illegal substance. While such observations were sufficient to justify a request for information *(People v De Bour,* 40 NY2d 210, 223), they did not provide a basis for a forcible detention *(supra).*

We note respondent's contention that under Family Court Act § 365.1 (2) (c), the appeal could not be taken as of right because the order was entered after the commencement of the fact-finding hearing, and find it to be without merit. Petitioner had no choice but to appeal the order after the fact-finding hearing, the court having reopened the suppression hearing, *sua sponte,* after the fact-finding hearing had been concluded *(cf., Matter of Brian S.,* 151 AD2d 577). Nor does the appeal implicate principles of double jeopardy, the petition having been dismissed on a basis unrelated to factual guilt or innocence of the crimes charged *(supra).*

We have considered petitioner's other claims and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.