■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN MYRICK, Appellant. [606 NYS2d 81] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered April 13, 1992, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

In the late evening of November 7, 1990, City of Albany Police Detective Charles Krikorian received a telephone call from a confidential informant, who advised that he had just left 102 Lark Street where he had observed defendant in possession of cocaine which defendant was selling. He also advised Krikorian that defendant might be armed. The informant was known to be reliable in that he had previously provided information to the police which led to the seizure of controlled substances and resulted in arrests and convictions. Defendant previously had been identified to the Albany Police by New Jersey authorities as Herman Myrick.

Armed with this information, Krikorian took up surveillance and radioed fellow detectives Angelo Siciliano and Sean Keane advising them of the information he had received. On November 8, 1990 at approximately 2:50 A.M., he again radioed Siciliano and Keane advising that defendant had just left 102 Lark Street and was proceeding west on Orange Street with several other persons. Siciliano and Keane drove up Orange Street, spotted defendant and radioed the dispatcher for backup stating that they intended to stop defendant to check him out for drugs. Two additional Albany police officers,

who were dispatched to the scene, observed and stopped defendant. Siciliano and Keane arrived and observed defendant leaning against a building with one hand in his pocket. After refusing to remove his hand from his pocket, the officers, for safety purposes, physically restrained defendant and patted him down for weapons. Siciliano then asked defendant his name and defendant replied "Derrick Stewart", stating that he had identification in his wallet. An examination of the wallet revealed a New York learner's permit in the name of Derrick Stewart. At that point, defendant was arrested for criminal impersonation and taken to police headquarters. At police headquarters, defendant was left alone in a room momentarily and when Keane returned to the room, he observed defendant throwing a glassine envelope toward a trash can and several other envelopes scattered on the floor. Chemical analyses of the contents of the envelopes revealed 1,650 milligrams of cocaine.

Defendant was subsequently indicted for and convicted of criminal possession of a controlled substance in the third and fifth degrees for which he was sentenced to concurrent terms of incarceration of 8⅓ to 25 years and 2⅓ to 7 years, respectively. This appeal ensued.

On this appeal, defendant contends that County Court erred in denying his motion to suppress the evidence seized at police headquarters because the police were without sufficient basis to take him into custody. Defendant reasons that the information conveyed to Krikorian was insufficient to justify the initial stop in that the informant's reliability was not established in accordance with the dictates of *Spinelli v United States* (393 US 410) and, in any event, that the People failed to establish that the arresting officers themselves possessed the requisite knowledge justifying the initial seizure of defendant. We disagree.

Krikorian testified at the *Mapp* hearing that the informant previously had given information which resulted in arrests and convictions, thus satisfying the reliability prong of the *Aguilar-Spinelli* inquiry *(see, People v Hendricks,* 25 NY2d 129, 133), and we have consistently held that the actions of a police officer may be based upon the knowledge or information of a fellow officer engaged in a common investigation *(see, People v Slater,* 173 AD2d 1024, 1026, *lv denied* 78 NY2d 974; *People v Cuyler,* 44 AD2d 881, 882). Here, the police possessed information which provided them with a reasonable suspicion that a crime had been or was being committed, thus justifying the forcible stop of defendant *(see, People v Martinez,* 80 NY2d

444). Further, upon being presented with what the police knew to be false identification, they were warranted in arresting defendant for criminal impersonation *(see,* Penal Law § 190.25 [1]). Thus, contrary to defendant's contention, the subsequent seizure of the controlled substances for which he was charged and convicted was not unlawful. Moreover, even accepting defendant's contention, his act of attempting to throw the glassine envelopes into a trash can while alone at police headquarters was an act independent of the alleged unlawful police conduct, and the taint of the alleged illegal detention was sufficiently dissipated to render the seizure of the cocaine permissible *(see, People v Boodle,* 47 NY2d 398, 402, *cert denied* 444 US 969). We have examined defendant's remaining contentions and find them to be without merit.

Weiss, P. J., Cardona, White and Casey, JJ., concur. Ordered that the judgment is affirmed.