■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CONNIE WILSON, Respondent. [607 NYS2d 663] —Order, Supreme Court, New York County (Carol Berkman, J.), entered January 13, 1993, suppressing physical evidence, unanimously affirmed.

The hearing court properly found that while the police could lawfully approach defendant for mere inquiry regarding

his early morning "huddle" with two other individuals in front of a known drug location *(People v Hollman,* 79 NY2d 181, 185), the officer's direction that defendant halt and take his hands out of his pockets escalated the level of intrusion to that of the common law right of inquiry, requiring "a founded suspicion that criminal activity is afoot" *(People v De Bour,* 40 NY2d 210, 223), a circumstance, as conceded by the arresting officer, not present in this case. The hearing court also properly found that defendant's actions in dropping a bag containing contraband as he took his hands out of his pockets as directed, was not a calculated, voluntary abandonment, but a spontaneous reaction to improper police action *(People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). Concur— Sullivan, J. P., Ellerin, Asch and Tom, JJ.