OPINION OF THE COURT
Herbert J. Lipp, J.
*257 Defendant has filed an omnibus motion seeking, inter alia, suppression of physical evidence: to wit, a loaded handgun. Defendant’s attorney has filed a supplemental affirmation, based upon "information and belief” in which she asserts certain facts in support of her motion to suppress. The People have filed an affirmation in opposition. At issue herein is whether defense counsel’s affirmation has set forth sufficient "sworn allegations of fact” to entitle the defendant to a suppression hearing (CPL 710.60 [1]). "The invocation of the right to be secure against unreasonable searches and seizures (NY Const, art I, § 12; US Const 4th and 14th Amends) and its exclusionary enforcement (Weeks v United States, 232 US 383; Mapp v Ohio, 367 US 643) require personal standing to challenge the government’s action (Alderman v United States, 394 US 165; Rakas v Illinois, 439 US 128; United States v Salvucci, 448 US 83; People v Ponder, 54 NY2d 160).” (People v Rodriguez, 69 NY2d 159, 161.)
It necessarily follows that unless the moving party has a reasonable or constitutionally recognizable expectation of privacy, he or she lacks standing to seek the suppression of evidence seized pursuant to a warrantless search.
The defendant has the burden to establish legal standing (People v Gonzalez, 68 NY2d 950; People v Cacioppo, 104 AD2d 559, Iv denied 67 NY2d 881; People v Vasquez, 97 AD2d 524). CPL 710.60 (1) requires a defendant seeking suppression of physical evidence to satisfy the initial burden of providing sworn allegations of fact sufficient to establish that he or she has a legitimate expectation of privacy in the area searched or in the item seized (People v Wesley, 73 NY2d 351). A critical factor in determining whether defendant has a reasonable expectation of privacy stems from defendant’s power to exclude others from the area (People v Rodriguez, 69 NY2d 159, 162).
In the case at bar, the People contend that pursuant to a police investigation a handgun was recovered from the vicinity of where the defendant was seen making a "throwing” motion with his hand. Defendant’s moving papers are void of any claim that he had a reasonable expectation of privacy in any contraband which was recovered herein, or in the area searched by the police where they recovered the contraband. Defendant’s moving papers fail to cite what physical property defendant seeks to suppress and specifically avoids even mentioning the word "gun”, "handgun”, "pistol” or "firearm”. The closest defendant comes to addressing the critical issue in this motion, defendant’s standing to contest the recovery of the *258 handgun, is as follows: "The arresting officer’s pursuit of the defendant was therefore, [sic] unjustified. The defendant’s dis-guarding [sic] of property, as alleged by the police, was in response to the unlawful police conduct and cannot be deemed an abandonment of the property.” (Affirmation of defense counsel, at 4.)*
In their answering affidavit, the People contend the defendant lacks standing to seek suppression since his moving papers fail to set forth factual allegations demonstrating that the defendant’s privacy interests were violated by the police conduct herein. The People also contend defendant’s moving papers fail to allege that defendant was forced to abandon the handgun based upon some alleged police impropriety. "Placing upon a defendant the burden of asserting an interest in the searched premises at the pre-trial stage is fair, sensible, and consonant with this court’s long-established view that Fourth Amendment’s rights are personal. While the People will, of course, have some notion before trial of how the defendant’s possession of the seized contraband is to be proved, it is after all the defendant alone who actually knows his or her connection with the searched area (see, People v Gomez, 67 NY2d 843, 844, supra). It is thus neither unjust nor unreasonable to require that the defendant set forth that interest, protected by the rule that such testimony cannot be used to prove the charges.” (People v Wesley, 73 NY2d 351, 359, supra; see, Simmons v United States, 390 US 377; compare, People v Rivera, 45 NY2d 989.)
The mere fact that defendant is charged with possession of contraband does not provide him with standing to contest the police seizure of said contraband. The "automatic standing” exception which was temporarily established in Jones v United States (362 US 257) was eventually abolished by the Supreme Court in United States v Salvucci (448 US 83, supra). The New York Court of Appeals has found no basis in the New York Constitution to diverge from the Supreme Court’s analysis of standing in Salvucci (see, People v Ponder, 54 NY2d 160; People v Hunter, 55 NY2d 930). "Ponder established that, as a matter *259 of State constitutional law, a defendant seeking to challenge a search and seizure could not rest upon the fact that the People had charged possession, but was required to demonstrate a personal legitimate expectation of privacy in the searched premises” (People v Wesley, 73 NY2d 351, 357, supra). "Since Ponder, the courts in possession cases have analyzed the issue whether a defendant has asserted a legitimate expectation of privacy, and hence has standing, independently of the question how the People later intend to prove the charges, be it through evidence of the defendant’s connection to the area where the contraband was discovered or otherwise” (People v Wesley, supra, at 357).
In the pending motion, defense counsel’s affirmation fails to assert a personal possessory interest in either the item seized or in the area searched. "Hearings are not automatic or generally available for the asking by boilerplate allegations” (People v Mendoza, 82 NY2d 415, 422). "[I]t is a defendant’s burden to demonstrate his or her own constitutional interest in seeking suppression” (People v Wesley, supra, at 358).
Defendant’s moving papers contain the following statements in support of his motion for suppression of physical evidence: "The defendant was arrested without a warrant by officer John Dillon, shield # 17759 of the New York City Police Department on October 6, 1995, at approximately 11:56 p.m. at 308 Quincy Street. This arrest was unlawful in that the arresting officers did not observe the defendant commit a criminal act nor did they have any reasonably trustworthy information that the defendant had committed a criminal act. Specifically, the arresting officer maintains that he heard gun shots and then pursued the defendant because he observed the defendant running in the vacinity [sic] of where the shots were fired. The defendant’s conduct was innocuous at best, and certainly subject to innocent interpretation. Running for safety in response to hearing gunfire is one such innocent interpretation. Under the DeBour criteria (People v DeBour, 40 NY2d 10), such conduct does not rise to the level of intrusion used by the arresting officer. The arresting officer’s pursuit of the defendant was therefore, [sic] unjustified. The defendant’s disguarding [sic] of property, as alleged by the police, was in response to the unlawful police conduct and cannot be deemed an abandonment of the property.” (Affirmation of defense counsel, at 4.)
Recently many members of the defense bar have used People v Mendoza (82 NY2d 415, supra) not for the proposition cited earlier within this opinion, but in support of their theory that *260 the defense is no longer required to assert factual allegations showing a proper legal basis to support suppression of contraband which the People intend to introduce at trial. Under this scenario, the defense fails to make a definitive declaration that defendant possessed a legitimate expectation of privacy in the item the defense seeks to suppress, or in the area from which the item was recovered. The defense will then make vague factual statements and set forth conclusory legal allegations which are similar to the types of arguments previously discussed in footnote 1 of this opinion.
The Mendoza decision (supra) succinctly stated the policies and purposes of CPL article 710: "When made before trial, suppression motions must be in writing, state the legal ground of the motion and 'contain sworn allegations of fact,’ made by defendant or 'another person’. The factual allegations may be based upon personal knowledge or information and belief, so long as the sources of information and grounds for belief are stated * * * [T]he motion may be summarily denied if defendant does not allege a proper legal basis for suppression, or (with two exceptions) if the 'sworn allegations of fact do not as a matter of law support the ground alleged’ * * * [I]t is incumbent upon the pleader, where possible, to provide objective facts from which the court can make independent factual determinations * * * Unless the pleading on its face sets forth the facts, the court cannot determine whether a hearing is necessary.” (People v Mendoza, supra, at 421, 427.)
The Court of Appeals held that the sufficiency of defendant’s factual allegations should be evaluated by "(1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant’s access to information” (supra, at 426). The Court then attempted to clarify, discuss and develop these listed factors: "[T]he developing case law supplies no easy distinction between the 'conclusory’ and the 'factual’. The extremes, of course, are easy to identify * * * More problematic are those pleadings framed in terms of mixed issues of law and fact * * * [I]t is incumbent upon the pleader, where possible, to provide objective facts from which the court can make independent factual determinations * * * Though facially sufficient, a defendant’s factual allegations may be inadequate when read in the context of the case. Conversely, seemingly barebones allegations may, in context, be sufficient to require a hearing. Whether a defendant has raised factual issues requiring a hearing can only be determined with reference to the People’s contentions * * * It would be unreasonable to *261 construe the CPL to require precise factual averments when, in parallel circumstances, defendant similarly does not have access to or awareness of the facts necessary to support suppression.” (Supra, at 426-429 [citations omitted].)
Accordingly, Mendoza (supra) does not eliminate the requirement that the defendant provide "sworn allegations of fact” made by the defendant or "another person” which provide a legal basis for suppression of the contraband. It merely requires the defendant to provide objective facts from which the court can make a legal determination as to whether a factual issue exists as-to whether defendant has standing to challenge the seizure of the property. Once defendant is granted a hearing, however, he still has the burden to establish standing, but he can sustain his burden based upon the evidence set forth during the suppression hearing and need not testify (People v Whitfield, 81 NY2d 904). Yet even in Whitfield, where defendant’s moving papers clearly set forth defendant’s proprietary interest in the bag which was recovered from another person, the evidence set forth at the hearing was insufficient to establish standing absent a showing of defendant’s efforts to maintain privacy in the bag and defendant’s right to exclude others from access to the bag (People v Whitfield, supra, at 906).
With the foregoing in mind we must now attempt to dissect People v Coleman (82 NY2d 415), which was decided within Mendoza (supra). In Coleman, the People alleged that a gun was recovered from the defendant. Defense counsel’s affirmation stated that the police approached Mr. Coleman, threw him against a parked car, searched him and seized $300. Defendant’s factual allegations, however, did not address the handgun and thus did not set forth a factual scenario which, if uncontradicted, would require suppression of the handgun. Mr. Coleman did not contend that the gun was on his person at any time prior to his arrest and denied all connection to the gun. Nevertheless, defendant did allege that if he had discarded the gun upon the approach of the police, it was a spontaneous reaction to the impendent illegal police conduct. Based on these factors, the Court of Appeals held that Mr. Coleman was not entitled to a suppression hearing. The Court, in dictum, suggested that had Mr. Coleman asserted, in his moving papers, that the gun was discarded as a direct result of an illegal police pursuit he would be entitled to a suppression hearing. Since Mr. Coleman alleged that the weapon might have been discarded upon the approach of the police, he was not entitled to a hearing.
*262 In contrast to Coleman (supra), in the pending matter the People contend the gun was not recovered from the person of the defendant but from a public place, in the vicinity of where the officer observed the defendant make a "throwing hand motion” (affirmation of People, at 3). As in Coleman, defendant’s factual allegations fail to address the handgun and do not set forth a factual scenario which, if uncontradicted, would require suppression of the handgun. (See, People v Lovejoy, 197 AD2d 353, Iv denied 82 NY2d 926 [defense fails to make sufficient factual allegations to establish standing with respect to a nylon bag recovered near arrest location, absent factual allegation that bag belonged to defendant].) As previously noted, defendant’s factual allegations fail to specify what defendant seeks to suppress, much less provide factual allegations which, if uncontradicted, would convince this court that defendant discarded a handgun in response to an illegal police pursuit of the defendant. While the defendant does assert that the police allege he discarded "property” in response to unlawful police "conduct”, he does not assert, as required by Mendoza (supra), that he discarded a weapon as a direct result of an illegal police pursuit.
If the defendant herein seeks a suppression hearing to challenge the scope of police conduct, defendant must affirmatively assert that he has a legitimate expectation of privacy in the item seized or in the area searched (Rakas v Illinois, 439 US 128, supra; Rawlings v Kentucky, 448 US 98; United States v Salvucci, 448 US 83, supra). The defense bar cannot have it both ways. They cannot challenge the seizure of items found in public places by claiming their clients’ constitutional rights were violated and then maintain at trial that the property recovered doesn’t belong to their clients at all. Defendants must affirmatively state that the property belongs to them and, in circumstances where the property is not recovered on the person of the defendant, that their discarding of the property was a "spontaneous reaction” to unlawful police conduct (People v Howard, 50 NY2d 583, 593; compare, People v Wilson, 201 AD2d 399 [spontaneous response], with People v Myrick, 199 AD2d 823, Iv denied 83 NY2d 808; People v Thomas, 203 AD2d 96, Iv denied 83 NY2d 972 [calculated act]). The defense bar should be reminded that suppression hearing testimony or pleadings made in support of a suppression hearing cannot be used at trial against a defendant on the prosecution’s direct case, thus removing much of the self-incriminating dilemma that had motivated the automatic standing rule (People v Wes *263 lev, 73 NY2d 351, 356, supra; Simmons v United States, 390 US 377, supra). It follows that unless someone seeks to suborn perjury, the doctrine of legal standing is not an obstacle to justice.
The defendant’s moving papers must contain facts, not legal conclusions. These facts must relate to the criminal activity alleged by the People. For example, in a buy-and-bust case the facts must focus on what the accused was doing at the time of the sale, rather than at the time of his arrest. Where the accused is charged with a narcotics sale, the accused must specifically deny the sale unless the accused alleges another ground of suppression. The accused could allege that the police lacked probable cause to arrest him because: (1) the accused does not sufficiently match the description of the perpetrator transmitted by the undercover (People v Coston, 170 AD2d 773); (2) the description transmitted was too vague (People v Simpson, 174 AD2d 348); (3) other persons at the scene matched the transmitted description (People v Skrine, 125 AD2d 507); or (4) the conduct observed by the transmitting officer was equivocal (People v Washington F., 167 AD2d 554; People v Wilson, 175 AD2d 15, Iv denied 78 NY2d 1015).
The defendant cannot use the Mendoza case (supra) to argue that his limited "access to information” prevented him from setting forth legally sufficient sworn allegation of fact in support of his motion because the defendant is in a unique position to know whether he possessed the contraband which is the subject of this motion.
A fair reading of defense counsel’s affirmation — evaluated by the face of the pleadings, assessed in conjunction with the context of the suppression motion and defendant’s access to information — leads this court to conclude that defendant has failed to allege a legal basis for suppression of the contraband in issue herein and has failed to elicit sufficient facts which would entitle him to a suppression hearing. (See, People v Jones, 210 AD2d 91, Iv denied 85 NY2d 863 [defense fails to raise privacy interest in contraband recovered, lacks standing for suppression hearing]; People v Vega, 210 AD2d 41, Iv denied 85 NY2d 915 [defense fails to set forth facts relating to warrant-less search of his home, despite personal knowledge thereof]; People v Smith, 212 AD2d 552, Iv denied 85 NY2d 914 [insufficient to merely request suppression of items seized from person]; People v Nazario, 220 AD2d 695; People v Marte, 207 AD2d 314, Iv denied 84 NY2d 937 [conclusory allegation that *264 defendant was not engaged in illegal activity the precise type of legal allegations prohibited by Mendoza, supra].)
Accordingly, defendant’s motion for a Mappl Dunaway hearing is hereby denied.

 Defendant does not assert in his moving papers that the previously disclosed official court records contain allegations that the defendant was observed in possession of a handgun by a police officer. Defendants commonly assert this claim and erroneously cite People v Sutton (91 AD2d 522 [1st Dept 1982]) for the proposition that once a police officer alleges that he observed the defendant, at some point, in possession of a gun, defendant has standing to challenge the propriety of the police conduct. (See, People v Taylor, 97 AD2d 381 [1st Dept 1983].)