■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD FUSSELLO, JR., Appellant. [695 NYS2d 639] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's motion to suppress cocaine seized from the back seat of the police car in which defendant was transported following his stop at a traffic safety checkpoint and his subsequent arrest. Although the court concluded that the seizure of defendant was illegal, it properly denied the motion to suppress on the ground that the attempt by defendant to dispose of the cocaine in his possession constituted an abandonment and "was an independent act, not the direct result of, and therefore not tainted by, the illegal seizure" (People v Arnau, 58 NY2d 27, 38, citing People v Boodle, 47 NY2d 398, cert denied 444 US 969; see, People v Myrick, 199 AD2d 823, 825, lv denied 83 NY2d 808; People v Santos, 197 AD2d 378, lv denied 82 NY2d 930, cert denied 513 US 829). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.

■ CHANATRY'S FRENCH ROAD MARKET, INC., Appellant, v TRAVELERS PROPERTY CASUALTY, Respondent. [696 NYS2d 920] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Grow, J. (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.