(October 4, 2005)

■ Property Clerk of the Police Department of the City of New York et al., Appellants, v Hubert Burnett, Respondent, et al., Respondent. [801 NYS2d 592]—

Judgment, Supreme Court, New York County (Martin Shulman, J.), entered July 27, 2004, which denied and dismissed the Property Clerk's petition seeking to annul and vacate the determination of respondent New York City Office of Administrative Trials and Hearings, unanimously affirmed, without costs.

On February 16, 2004, respondent Burnett was arrested in the vicinity of 118th Street and Second Avenue as he exited his 2000 Lexus. He was charged with felony possession of a controlled substance with intent to sell, felony possession of more than 16 ounces of marijuana, and misdemeanor possession of marijuana. The drugs were found in respondent's car, which was seized and vouchered at the time of arrest and is the subject of a civil forfeiture proceeding. Respondent thereafter filed a timely demand with petitioner for a *Krimstock* hearing (*Krimstock v Kelly*, 306 F3d 40 [2d Cir 2002], *cert denied* 539 US 969 [2003]), which was held on March 8, 2004.

In support of its application to retain possession of respondent's vehicle pending forfeiture, petitioner submitted respondent's arrest report which stated he was "in possession" of marijuana and other controlled substances. It also submitted

the Criminal Court complaint which stated that the arresting officer observed respondent in the vehicle in question and that the marijuana and other controlled substances were recovered from that vehicle. Documents demonstrating the value of the vehicle, respondent's ownership thereof, and respondent's prior criminal record were also submitted at the hearing.

Respondent testified at the hearing that at the time of his arrest, his vehicle was parked and he was arrested after he exited his vehicle.

With respect to the issue of probable cause for respondent's arrest, petitioner argued that probable cause existed because the marijuana and other drugs were recovered from the vehicle. When the Administrative Law Judge (ALJ) presiding at the hearing inquired about the arresting officer's observations leading to the initial stop of respondent, petitioner argued that the issue of whether there was reasonable suspicion for the initial stop was beyond the scope of the hearing. The ALJ disagreed, holding that if the initial stop was invalid, the subsequent arrest and seizure were also invalid, despite the quality of the evidence recovered as a result of the illegal stop. He concluded that since there was no indication of the factual basis for the initial stop of respondent by the arresting officer, the vehicle must be released.

Petitioner thereafter brought a CPLR article 78 proceeding, arguing that the ALJ acted beyond his jurisdiction in requiring proof of the propriety of the initial stop. The IAS court determined that the ALJ was correct in his analysis that the initial stop must be valid to sustain the subsequent seizure, and denied the petition and dismissed the proceeding.

Administrative Code of the City of New York § 14-140 (b) provides that all property "suspected of having been used as a means of committing crime or employed in aid or furtherance of crime . . . shall be given . . . into the custody of and kept by the property clerk." Section 14-140 (e) (1) states that a person who uses property in aid of a crime shall not be considered the lawful claimant entitled to that property (*see Matter of Property Clerk of N.Y. City Police Dept. v Ferris*, 77 NY2d 428, 430 [1991]).

*Krimstock v Kelly* (306 F3d 40 [2002], *supra*) examined the Administrative Code provisions relating to seizure of vehicles and promulgated the minimal standards of due process to be followed in seizure cases. A brief review of *Krimstock* is warranted.

All the plaintiffs in *Krimstock* had been arrested for driving while intoxicated (DWI) and had their vehicles seized and retained as instrumentalities of a crime pursuant to Administra-

tive Code § 14-140. They commenced a class action in the Southern District of New York challenging the constitutionality of the forfeiture statute and seeking injunctive relief, alleging that the statute violated their due process rights since it did not provide for a prompt, postseizure hearing where they could challenge the retention of their vehicles during the pendency of the forfeiture proceeding. The District Court dismissed the complaint, but the Second Circuit reversed, holding that "due process of law requires that plaintiffs be afforded a prompt post-seizure, pre-judgment hearing before a neutral judicial or administrative officer to determine whether the City is likely to succeed on the merits of the forfeiture action and whether means short of retention of the vehicle can satisfy the City's need to preserve it from destruction or sale during the pendency of the proceedings" (306 F3d at 67). The court further held that "at a minimum, the hearing must enable claimants to test the probable validity of continued deprivation of their vehicles, including the City's probable cause for the initial warrantless seizure" (*id.* at 69).

On remand, the District Court incorporated the Second Circuit's holding and established the basic parameters for a *Krimstock* hearing. The hearing magistrate must, at a minimum, determine (1) whether probable cause existed for the arrest of the vehicle operator; (2) whether it is likely the Property Clerk will prevail in a forfeiture action; and (3) whether continued impoundment of the vehicle is necessary to ensure its availability either as evidence or for a judgment of forfeiture. The burden of proof by a preponderance of the evidence as to each and every issue rests upon the Property Clerk.

As we observed in *People v Jones* (172 AD2d 265, 266 [1991], *lv denied* 78 NY2d 923 [1991]): "A forcible stop and detention of a person is authorized by a police officer if he has reasonable suspicion that a person is committing or about to commit a crime (CPL 140.50 [1]; *People v De Bour*, 40 NY2d 210, 223). Such reasonable suspicion must be based on specific and articulable facts and rational inference drawn therefrom (*People v Hicks*, 68 NY2d 234, 238). An arrest is justified upon a finding of probable cause based upon information sufficient to support a reasonable belief that a person has committed a crime (*People v Bigelow*, 66 NY2d 417, 423)."

While the issues of whether there was reasonable suspicion for the initial stop of respondent and whether there was probable cause for his arrest require separate inquiries, the issues are interconnected in forfeiture cases since "[i]f a seizure lacked probable cause, and the City could offer no untainted post-

seizure evidence to justify further retention, the claimant's vehicle would ordinarily have to be released during the pendency of proceedings" (*Krimstock*, 306 F3d at 49).

Admittedly, there was no showing at the hearing that there was reasonable suspicion for the initial stop. As a result, petitioner was not able to offer "untainted post-seizure evidence to justify further retention" (*id.*).

The ALJ in this case did not exceed the scope of the hearing and his jurisdiction by requiring a showing of reasonable suspicion. Such a showing is the first step in any inquiry into the validity of a seizure (*see e.g. People v Jones*, 172 AD2d 265 [1991], *supra*). *Krimstock* did not explicitly state that such a showing was required because the case involved seizure of vehicles after DWI arrests where the reason for the stop was obvious and articulated in the arrest reports. However, the *Krimstock* court did note that a warrantless arrest is not sufficient, in and of itself, "to ensure the legality of the initial seizure . . . and in the absence of prompt review by a neutral fact-finder, we are left with grave Fourth Amendment concerns as to the adequacy of an inquiry into probable cause that must wait months or sometimes years before a civil forfeiture proceeding takes place" (306 F3d at 50-51; *see also County of Nassau v Canavan*, 1 NY3d 134, 142 [2003]).

This inquiry does not require a full evidentiary hearing. Indeed, the court in *Krimstock* specifically stated that: "[w]e hasten to point out that we do not envision the retention hearing as a forum for exhaustive evidentiary battles that might threaten to duplicate the eventual forfeiture hearing. Inasmuch as the purpose of the hearing is the limited one of determining whether the vehicle should be returned to its owner during the pendency of proceedings, due process should be satisfied by an initial testing of the merits of the City's case" (306 F3d at 69-70).

We therefore conclude that the IAS court's determination was correct and should be affirmed. Concur—Buckley, P.J., Saxe, Friedman, Williams and Sweeny, JJ.