People v Nesmith (2025 NY Slip Op 06555)

People v Nesmith

2025 NY Slip Op 06555

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Kennedy, González, Higgitt, Michael, JJ. 

Ind. No. 73186/23|Appeal No. 5225|Case No. 2024-02193|

[*1]The People of the State of New York, Respondent,
v
Timothy Nesmith, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel) for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Mitchell of counsel) for respondent.

Judgment, Supreme Court, New York County (Anne Thompson, J.), rendered March 11, 2024, convicting defendant, after a jury trial, of resisting arrest, and sentencing him to time served, unanimously reversed, on the law and facts, and the indictment dismissed.
As the People concede, defendant's conviction of resisting arrest was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Baque, 43 NY3d 26 [2024]). The undisputed evidence established that defendant was cooperative when he was placed under arrest, handcuffed, physically restrained, and surrounded by police officers (see People v Paulman, 5 NY3d 122, 129 [2005]; People v Jones, 172 AD2d 265, 266 [1st Dept 1991], lv denied 78 NY2d 923 [1991]). Defendant's subsequent physical resistance does not constitute resisting arrest, as he could not have intentionally "prevented or attempted to prevent a police officer from effecting an authorized arrest" by doing so (Penal Law § 205.30).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025