OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The police officer testified at the suppression hearing that defendant’s postarrest statement included an assertion that he had borrowed the car in which he was arrested from a friend. There was also evidence that defendant had produced the vehicle’s registration from the glove compartment at the officer’s request and that a subsequent check had revealed no stolen vehicle reports. In the absence of contrary proof, the evidence was sufficient to establish defendant’s standing to challenge the seizure and search of a bag that was resting between him and the driver on the front seat of the car. There is no requirement that a defendant testify in order to sustain his burden of proving standing (see, People v Ponder, 54 NY2d 160, 166), and evidence elicited during the People’s direct case may be cited in support of a defendant’s standing claim. Moreover, the fact that the evidence may have been introduced in hearsay form does not render it objectionable, since CPL 710.60 (4) authorizes the use of hearsay at suppression hearings.
Having concluded that defendant’s standing was sufficiently established, we need note only that we find no reason to disturb the Appellate Division’s finding that the officer had neither the driver’s consent to nor an adequate constitutional predicate for the seizure and search of the bag (see, People v King, 61 NY2d 969, 971; People v Krom, 61 NY2d 187, 196; People v Harrison, 57 NY2d 470). Thus, the officer’s observation of the empty glossine envelopes inside a box contained in the bag was unauthorized and cannot be used as a justification for defendant’s arrest and the subsequent search of defendant’s person. Accordingly, the cocaine the officer found as a result of that search was properly suppressed.
*952 Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur; Judge Kaye taking no part.
Order affirmed in a memorandum.