THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY WRIGHT, Also Known as DAVID L. EDWARDS, Appellant.

Two police officers assigned to the Narcotics Unit of the Suffolk County Police Department involved in prescription investigations responded to a call from a pharmacist and arrested the defendant after observing him give the pharmacist two slips of white paper which bore a doctor's name and listed drugs which had appeared on forged prescriptions previously filled at the pharmacy. The defendant identified himself as "David White".

The officers then approached the automobile, which had New Jersey license plates, in which the defendant had arrived at the pharmacy. Officer McCready opened the car door, turned the car off, and removed the key from the ignition. The passenger in the back seat said his name was "David White". An immediate search of the car uncovered prescription forms inside a closed portable typewriter case on the front seat and inside a folded magazine on the driver's side of the dashboard.

The defendant was brought to the police station and processed. He was read his *Miranda* rights, which he said he understood, although he did not respond when asked if he wanted to speak to the police without an attorney present. Approximately 15 to 20 minutes thereafter, as his processing continued, the defendant answered "yes" when he was again asked if he would talk to the police without his attorney present, and he went on to admit to the crimes. The defendant also told the officer that the vehicle was his aunt's car and that he had borrowed it for the trip from New Jersey to Long Island.

The hearing court denied those branches of the defendant's omnibus motion which were to suppress the items taken during the search of the automobile and the statements he made at the police station. Initially, we note that the defendant is entitled to appellate review of the denial of those branches of his omnibus motion notwithstanding his subsequent guilty plea (CPL 710.70 [2]; *People v Laino,* 115 AD2d 663, *lv denied* 67 NY2d 763). The defendant contends that the hearing court erred when it ruled that he lacked standing to challenge the search of the automobile made at the time of

the arrest. We agree. In *People v Gonzalez* (68 NY2d 950), the Court of Appeals held that the defendant had standing to challenge the search of an automobile in which the defendant was a passenger and where there was no evidence to contradict the defendant's subsequent statement at the police station that he had borrowed the car from a friend, thus showing that he exercised such dominion and control over the vehicle by leave of the owner as to demonstrate his own legitimate expectation of privacy *(Rakas v Illinois,* 439 US 128).

However, although we agree that the defendant herein had standing to challenge the search of the car, we do not agree that the evidence seized from the vehicle must be suppressed. Under the circumstances, the search of the vehicle was proper, given the fact that the defendant was seen exiting the car and entering the drugstore, and, given the proximity of the vehicle to the drugstore, the closeness of the search to the time of the arrest and the probable cause the officers had for conducting the search *(see, People v Orlando,* 56 NY2d 441; *see also, People v Milerson,* 51 NY2d 919).

The defendant's contention that the 15-to-20-minute interval between the time he was initially given the *Miranda* warnings and the second time Officer McCready asked him if he was willing to talk without an attorney present made his waiver of his *Miranda* rights involuntary and unknowing, is also without merit. "The question of a waiver of the *Miranda* rights is not one of form, but of whether the defendant knowingly and voluntarily waived his rights * * * Nor is there any requirement that the *Miranda* warnings be intoned every single time a suspect in custody is subjected to separate series of questioning within a short time interval" *(People v Crosby,* 91 AD2d 20, 29, *lv denied* 59 NY2d 765). In this case, the defendant was fully informed of his rights and made a voluntary and knowing waiver of those rights.

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.