■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO VASQUEZ, Also Known as WILFREDO RIVERA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's sole contention on appeal is that the court erred in admitting nine bullets into evidence because the People failed to establish a proper chain of custody linking that evidence to defendant. Although the proof establishing the chain of custody was somewhat weak, it nevertheless demonstrated that at all times the bullets were within the control of the police. Further, the testimony established the authenticity of that evidence through " 'reasonable assurances of identity and unchanged condition' " *(People v Julian,* 41 NY2d 340, 343, quoting *People v Porter,* 46 AD2d 307, 311; *People v Jiminez,* 100 AD2d 629).

Defendant's claim of irregularities in the chain of custody

goes to the weight, rather than the admissibility, of the evidence *(see, People v McGee,* 49 NY2d 48, 59-60; *People v White,* 40 NY2d 797, 799-800). Even if we were to find that it was error to admit the bullets into evidence, any error in that regard would be harmless because the proof of guilt was overwhelming and there is no significant probability that, but for the error, the jury would have acquitted defendant *(see, People v Crimmins,* 36 NY2d 230, 241-243). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—criminal possession of weapon, second degree; menacing.) Present— Denman, J. P., Green, Pine, Lawton and Davis, JJ.