(April 20, 1989)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALERIE A. ROSE, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered October 11, 1985, upon a verdict convicting defendant of the crimes of grand larceny in the third degree (four counts) and criminal possession of stolen property in the second degree (four counts).

In the early morning hours of June 9, 1985, defendant stole several wallets, credit cards and other personal effects from the handbags of various women patronizing the Carlton Bar in the City of Binghamton, Broome County. These thefts came to light when one victim, Denise Beddoe, glanced over from where she was dancing and noticed her purse was missing from where she had placed it on top of the bar. As Beddoe started over to where her purse had been she saw defendant drop the purse back down on the bar where Beddoe had left it. Upon reaching her purse and finding it empty, Beddoe and her friend Renee Damari followed defendant to where her friends were standing. Beddoe demanded her wallet back but defendant denied all knowledge of the wallet's whereabouts. A scuffle ensued, more victims realized their belongings were missing and the police were called.

When Officer Duane Shaffer arrived at the scene two

women told Shaffer that they believed defendant had stolen their wallets and concealed them in the large pink purse that she was holding. As Shaffer approached defendant, he saw her pass the pink purse to one of her friends, Michelle Ciotoli, who started to walk away with it. Shaffer demanded that Ciotoli stop and return with the purse. At that time, Ciotoli dropped the purse onto the floor saying, "What purse? I don't have a purse." One of the bar's employees picked up the purse and gave it to Shaffer, who noticed that it felt "rather heavy". Ciotoli attempted to retrieve the purse saying now that it was hers and Shaffer could not see it without a warrant. Shaffer then arrested Ciotoli for obstruction of governmental administration. When defendant protested, she was arrested for resisting arrest. The two women were handcuffed and placed in the back of the patrol car. At that time, four women gathered outside who believed their stolen property was in the pink purse. Shaffer emptied the contents of the purse onto the back of the patrol car and the various victims identified their property among the contents.

Based on these incidents, defendant was indicted on four counts of grand larceny in the third degree and four counts of criminal possession of stolen property in the second degree. Before trial, a *Mapp* hearing was held for the purpose of determining the admissibility of the pink purse and its contents. County Court denied defendant's motion to suppress and defendant was ultimately convicted as charged. Defendant was sentenced as a second felony offender to 2 to 4 years in prison for each count in the indictment, all sentences to be served concurrently. This appeal by defendant ensued.

The sole issue raised on appeal is defendant's contention that County Court improperly denied her motion to suppress the introduction of the pink purse and its contents at trial because they were allegedly obtained by an illegal search and seizure. This contention must be rejected. We conclude that the evidence adduced at the suppression hearing fully supports County Court's determination that the purse was abandoned by defendant and, therefore, there was no constitutional taint to its acquisition by the police *(see, People v Kittell,* 135 AD2d 1021, 1022; *People v Reddick,* 124 AD2d 609, 610). Defendant passed the purse off to a friend or accomplice at the exact moment that two witnesses several feet away were telling the police that they believed that the purse contained their wallets. Defendant's actions, under highly suspicious circumstances, preceded any actual confrontation between herself and the police *(see, People v Tucker,* 140 AD2d 887,

890, *lv denied* 72 NY2d 913) and evidenced an intention on her part to disassociate herself from the purse and its contents. Defendant's argument that she did not abandon the purse and only innocently asked a friend to hold it is belied by the record. Ciotoli's actions in dropping the purse and then disclaiming all knowledge of it lend support to County Court's finding that it was totally abandoned by all when it lay unattended on the floor *(cf., People v Wright,* 88 AD2d 879, *affd* 58 NY2d 797).*

Our agreement with County Court on this issue renders it unnecessary to consider the alternative grounds advanced by the court in support of its denial of defendant's motion.

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.

---

* Parenthetically, the fact that Ciotoli then turned around and stated that the purse belonged to her raises some question as to defendant's standing to challenge a seizure from Ciotoli *(see, People v Ponder,* 54 NY2d 160).