OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the motion to suppress denied and the matter remitted to Supreme Court, New York County, for further proceedings on the indictment.
The hearing court erred in finding that defendant had standing to seek suppression of physical evidence seized at the time of arrest.
Defendant was charged with criminal possession of a controlled substance in the third and fourth degrees and criminally using drug paraphernalia in the second degree. The charges arose from the arrest of defendant and a companion at the Port Authority Bus Terminal shortly after 2:00 a.m. on April 23, 1989. At the suppression hearing, Port Authority Police Officer Ray Yuen testified that he and a partner began watching the pair because they "appeared relatively young.” After defendant King and his companion parted and headed for separate buses, Yuen approached the companion to ask for identification. As the officer came near, the companion dropped a black bag he was carrying and, in response to questioning, denied knowing who owned it. Yuen’s partner then went onto a bus and brought defendant back into the terminal, where he also denied owning the bag. During a subsequent safety patdown, the officers found a bullet on the companion, prompting them to open the bag, where they discovered narcotics.
The hearing court ruled that the evidence seized from the bag was the fruit of an unlawful search and that defendant had standing to seek suppression of the evidence. The finding of standing was based on the affirmation of defendant’s attorney, in his motion papers, that defendant had a possessory interest in the bag and on the testimony of Officer Yuen, the sole witness for the People, that defendant had been seen holding the bag at some point earlier in the morning. Defendant presented no evidence at the hearing.
At a suppression hearing, a defendant has the burden of *906 establishing standing by demonstrating a personal legitimate expectation of privacy (People v Wesley, 73 NY2d 351). The defendant is not required to testify in order to sustain this burden; the claim of standing may be supported with evidence educed from the People’s case (People v Gonzalez, 68 NY2d 950). While CPL 710.60 (1) requires that a defendant’s motion to suppress contain sworn allegations sufficient to raise standing as an issue of fact and avoid summary judgment under CPL 710.60 (3), there is no further requirement that a defendant introduce evidence at the suppression hearing in order to prevail on standing.
The record here is insufficient as a matter of law to support the finding of standing. The courts below found that the bag had been in defendant’s possession and that his denial of ownership was a spontaneous reaction to the unlawful seizure and not evidence of voluntary abandonment. However, “[a] showing of a possessory or proprietary interest in the item seized by itself * * * is not the determinative factor on the issue of standing” (People v Rodriquez, 69 NY2d 159, 163, citing Rawlings v Kentucky, 448 US 98). The court must also consider such factors as whether the defendant took precautions to maintain privacy and whether the defendant had the right to exclude other persons from access (Rodriquez, supra, at 162).
While the mere surrender of property to a third party will not always terminate a legitimate expectation of privacy (see, California v Greenwood, 486 US 35, 39-41), the burden was on defendant to establish under these facts that he had such an expectation. That showing was not made. Accordingly, the motion to suppress should have been denied.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacos a and Smith concur in memorandum.
Order reversed, etc.