*986
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Acting on a confirmed tip from a reliable informant that defendant would be going to New York City to buy drugs and returning to Poughkeepsie by train, police investigators entered a train at the Beacon train station when they saw defendant, seated next to an orange bag with the word "Nike” written on it. A police investigator identified himself, and asked the defendant for identification. Defendant identified himself, and then, when asked what was in the bag, disclaimed ownership of the bag. In response to the investigator’s question whether defendant would be willing to get off the train with the officers, defendant stood up, picked up the bag, and exited the train with the officers. Once on the platform, defendant continued to deny ownership of the bag. When asked if the investigator could look in the bag, defendant handed it over and said, "Go ahead.” Among other things, the officer found a shoe-box-sized gift-wrapped package in the bag, which defendant said he was carrying for someone in New York to someone in Poughkeepsie, and that he did not know the contents of the box. The officer opened the box and found what appeared to be cocaine. Defendant was subsequently convicted on a guilty plea of criminal possession of a controlled substance in the second degree (Penal Law § 220.18).
 

 In view of our limited power to review mixed questions of law and fact (see,
 
 People v
 
 Karabinas, 63 NY2d 871, 872;
 
 People v Harrison,
 
 57 NY2d 470, 477-478), we find no basis for setting aside the suppression court’s decision that the evidence seized during the search of defendant’s bag was admissible. There is evidence in the record to support that court’s undisturbed findings that the police inquiry was supported by an adequate factual predicate, and that defendant was not in custody at the time of the search. Moreover, assuming without deciding that defendant had standing to object to the search of the bag, there is evidence to support the lower court’s finding that defendant voluntarily consented to the search. Thus we cannot overturn the hearing court’s denial of the motion to suppress.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.