■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE RAMIREZ-PORTOREAL, Respondent. [625 NYS2d 328] —Cardona, P. J. Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered June 24, 1994, which granted defendant's motion to suppress evidence.

On the evening of June 10, 1992, Investigator Matthew Campbell and Inspector John Burke of the Albany County Sheriff's Narcotics Unit, along with Albany Police Detective James Tuffey, were on duty at the Greyhound and Trailways bus terminals in the City of Albany. They were observing all buses but particularly those arriving from the New York City area and those proceeding westbound. The officers were dressed in civilian attire; however, they publicly displayed their badges on chains around their necks.

At about 8:40 P.M., Campbell observed three Hispanic males leave a bus arriving from New York City. The three appeared to be traveling together but had only one piece of luggage, which was carried by defendant. The three looked in the direction of the officers and then immediately boarded a westbound bus. All three stood in the center area of the bus and briefly engaged in conversation. Campbell then observed defendant place the bag in an overhead luggage compartment and take a seat one row up and across the aisle from the compartment. One of the other Hispanic males moved to the rear of the bus and sat approximately seven to eight rows behind the compartment containing the bag. The third male took a seat toward the front of the bus.

The officers boarded the bus, announced their presence to the passengers and began asking individual passengers to produce their bus tickets, a form of identification and identify

their luggage. When defendant was reached, he produced a bus ticket but no identification. Burke asked defendant if he had any luggage and defendant replied "no". Burke gave defendant back his ticket and moved over to the luggage rack. Burke asked defendant if the bag which they had observed him place in the overhead luggage rack was his. Defendant again answered in the negative. Burke then asked the passengers as a group if anyone owned the subject bag. There was no response. Burke asked if anyone objected to his opening the bag to ascertain its ownership. When there was no response, he opened the bag and discovered a cardboard box containing what turned out to be glassine bags of heroin. Defendant was removed from the bus. A further search of the bag also revealed a quantity of marihuana. Defendant was arrested and subsequently indicted for criminal possession of a controlled substance in the third and fourth degrees and criminal possession of marihuana in the third degree.

Following a suppression hearing at which only Campbell testified, County Court ruled that defendant had standing to contest the legality of the search. The court suppressed the evidence seized from the bag* finding that the officer's questioning regarding its ownership was an impermissible common-law inquiry because the officer lacked a founded suspicion that criminality was afoot (see, People v Hollman, 79 NY2d 181; People v De Bour, 40 NY2d 210). The People appeal.

We agree with the People that defendant had no standing to seek suppression of the evidence discovered during a search of the bag. At the suppression hearing, the burden was on defendant to establish standing by demonstrating a personal legitimate expectation of privacy in the bag (see, People v Whitfield, 81 NY2d 904, 906; People v Wesley, 73 NY2d 351, 357-358; People v Ponder, 54 NY2d 160). Defendant chose to meet his burden through proof educed from the People's case, which was his right (see, People v Whitfield, supra). The mere fact that defendant was seen carrying the bag showed only a possessory interest in it. Such evidence was insufficient to support his claim of standing (see, supra) particularly in view of his denials of ownership. Accordingly, the motion to suppress should have been denied.

We find it unnecessary to address defendant's contentions concerning the propriety of the police encounter.

---

* County Court also suppressed an oral statement made by defendant as the product of an impermissible search (see, Brown v Illinois, 422 US 590; Wong Sun v United States, 371 US 471; People v Milaski, 62 NY2d 147).

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, motion denied and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.