■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GHANIA MILLER, Appellant. [645 NYS2d 119] —Yesawich Jr., J.

On September 16, 1994, shortly after 3:00 A.M., Officer Larry Hendrickson of the Binghamton Police Department saw two individuals crouching down in the back seat of a taxicab that passed near Hendrickson's patrol vehicle at an intersection. Fearing that a robbery was in progress, Hendrickson followed the cab. After observing that the driver took a route which Hendrickson considered to be circular and indirect, Hendrickson stopped the cab and called to the driver to exit the vehicle. The driver approached the patrol car and Hendrickson, after ascertaining that there was no robbery, asked the driver some questions about his passengers and the route taken. During this encounter, Hendrickson observed the occupant of the rear passenger seat, Dorthea Dillahunt, place a black bag in the front passenger seat. Hendrickson then asked the driver if the black bag on the front passenger seat was his and the driver said "no". Hendrickson proceeded to lean into the window of the cab and ask Dillahunt and defendant, the other passenger, whether the bag belonged to either of them. Both passengers denied owning the bag and Hendrickson then asked the cab driver for permission to search it. The cab driver indicated that he did not care because it was not his bag. Hendrickson then opened the bag and found a substantial quantity of vials containing cocaine. A note in the bag stated "give the money to Kool", which is defendant's nickname.

Defendant was arrested and indicted on one count of criminal possession of a controlled substance in the first degree and one count of criminal possession of a controlled substance in the third degree. After her motion to suppress the contents of the bag was denied, defendant pleaded guilty to one count of criminal possession of a controlled substance in the second degree and was sentenced to a prison term of 7 years to life. This appeal followed.

We agree with County Court's conclusion that defendant lacked standing to challenge the search by Hendrickson. Not only did defendant deny that the bag was hers, but only Dillahunt was seen exercising some control over the bag. Even if the note found with defendant's name on it could somehow be construed as showing a possessory or proprietary interest in the bag on her part, there is no evidence that defendant took any precautions to maintain privacy or exclude other persons from access to it (*see, People v Whitfield*, 81 NY2d 904, 906). Given these circumstances, we agree that "defendant failed to establish a personal legitimate expectation of privacy in the property" (*People v Alvaranga*, 198 AD2d 286, 287, *affd* 84 NY2d 985; *see, People v Ramirez-Portoreal*, 88 NY2d 99, 112-113).

We also reject defendant's contention that she was denied the effective assistance of counsel. Viewed in its totality, the record discloses that defense counsel provided meaningful representation to defendant (*see, People v Hilts*, 224 AD2d 824, 826). Moreover, given the factual circumstances presented here, we cannot say that defense counsel's failure to challenge the legality of the initial stop of the taxicab constituted ineffective assistance as a matter of law.

Our resolution of the foregoing issues, makes it unnecessary to address defendant's remaining arguments.

White, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.