■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT BILLUPS, Appellant. [651 NYS2d 771] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied the motion of defendant to suppress a purse and its contents found in his apartment. Because defendant consented to a search of his apartment for a suspect, the police officer was lawfully in the apartment when he saw the purse in plain view. The officer was looking for a purse snatcher and had observed a car fitting the description of the getaway car parked outside the apartment. He had determined that the car's engine was warm and a data check disclosed that the car was registered to an individual residing at that address. Under the circumstances, there was probable cause to associate the property with criminal activity and to seize it (*see, Payton v New York,* 445 US 573, 587). In any event, because defendant denied ownership of the purse and had no reasonable expectation of privacy in it, he lacks standing to challenge its seizure (*see, People v Whitfield,* 81 NY2d 904, 906).

The court did not abuse its discretion in granting the motion to consolidate the two indictments. The indictments were properly joined because the offenses charged are "defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]). Defendant

failed to show that he had " 'both important testimony to give concerning one [indictment] and strong need to refrain from testifying on the other' " (*People v Lane,* 56 NY2d 1, 8).

Finally, defendant was not deprived of due process of law by the People's eight-month delay in indicting him. The delay was neither lengthy nor unjustified (*see, People v Singer,* 44 NY2d 241). (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Robbery, 3rd Degree.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.