■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL T. WASHINGTON, Appellant. [834 NYS2d 407]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered December 30, 2003. The judgment convicted defendant, upon a jury verdict, of attempted robbery in the first degree and assault in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]) and two counts of assault in the first degree (§ 120.10 [1], [4]). Contrary to defendant's contention, Supreme Court properly refused to suppress physical evidence seized following a warrantless search based on defendant's lack of standing to contest the search. "At a suppression hearing, a defendant has the burden of establishing standing by demonstrating a personal legitimate expectation of privacy" in the searched premises (*People v Whitfield*, 81 NY2d 904, 905-906 [1993]; *see People v Trotter*, 224 AD2d 1013 [1996]). "To sustain that burden, defendant was not required either to testify or to present evidence on the issue of standing; he was entitled to rely on evidence elicited during the People's direct case and during cross-examination by defense counsel of the People's witnesses" (*Trotter*, 224 AD2d at 1013; *see Whitfield*, 81 NY2d at 906). Here, defendant offered no evidence at the suppression hearing, and there was nothing in the People's evidence to support defendant's alleged expectation of privacy in the garage that was searched. The allegations in defense counsel's supporting affirmation concerning defendant's expectation of privacy in the garage "served only to 'raise standing as an issue of fact and avoid summary judgment under CPL 710.60 (3)' " (*Trotter*, 224 AD2d at 1014, quoting *Whitfield*, 81 NY2d at 906). In any event, we further conclude that the court also properly determined that exigent circumstances justified the warrantless search (*see e.g. People v Clark*, 15 AD3d 864, 865 [2005], *lv denied* 4 NY3d 885, 5 NY3d 787 [2005]; *People v Parker*, 299 AD2d 859, 860 [2002]; *People v Henderson*, 107 AD2d 469 [1985]).

We further reject the contention of defendant that he was

denied effective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to call impeachment witnesses or to object to the court's preliminary jury instructions (*People v Rivera*, 71 NY2d 705, 709 [1988]). Further, to the extent that defendant's contention is based on defense counsel's alleged failure to investigate certain facts of the case, it "is unreviewable on direct appeal since it involves matters outside the record that would require an expansion of the record by way of a CPL 440.10 motion" (*People v Bello*, 23 AD3d 152, 153 [2005]). Finally, defendant was not denied effective assistance of counsel based on defense counsel's failure to object to the admission in evidence of a spent shell casing and two live rounds of ammunition. "The testimony presented at the trial sufficiently established the authenticity of that evidence through reasonable assurances of identity and unchanged condition" (*People v Cruz*, 275 AD2d 420, 420 [2000], *lv denied* 96 NY2d 782 [2001] [internal quotation marks omitted]; *see People v Julian*, 41 NY2d 340, 343 [1977]; *People v Vasquez*, 143 AD2d 525 [1988], *lv denied* 73 NY2d 860 [1988]), and any irregularities in the chain of custody went to the weight of the evidence rather than its admissibility (*see Julian*, 41 NY2d at 344; *Cruz*, 275 AD2d at 420). It is well established that " '[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005]; *see People v Jackson*, 21 AD3d 1355, 1356 [2005], *lv denied* 6 NY3d 777, 7 NY3d 757 [2006]). Present—Gorski, J.P., Lunn, Fahey, Green and Pine, JJ.