This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 134  SSM 21
The People &c.,
         Respondent,
       v.
Gregory Lee,
         Appellant.

         Submitted by Samuel J. Mendez, for appellant.
         Submitted by Grace Vee, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

"[T]he People met their burden of establishing that the [inventory] search was in accordance with procedure and resulted in a meaningful inventory list" and that the primary objectives of the search were to preserve the property located inside the

- 1 -

vehicle and to protect police from a claim of lost property (People v Padilla, 21 NY3d 268, 272-273 [2013], cert denied -- US --, 134 S Ct 325 [2013]).  The fact that the officers knew that contraband might be recovered does "not invalidate the entire search" (id. at 273).  "The inventory here, while not a model, was sufficient to meet the constitutional minimum" (People v Walker, 20 NY3d 122, 127 [2012]).

The determinations of the lower courts regarding the credibility of the officers and whether the inventory search was a ruse to look for contraband present mixed questions of law and fact (see People v Valerio, 95 NY2d 924, 925 [2000], cert denied 532 US 981 [2001]).  A mixed question is presented when "the facts are disputed, where credibility is at issue or where reasonable minds may differ as to the inference[s] to be drawn" (People v Harrison, 57 NY2d 470, 477 [1982] [internal quotation marks omitted]).  Inasmuch as there is record support for the lower courts' conclusion that the primary purpose of the search was to inventory the property located in the vehicle, that issue is beyond further review by this Court (see Valerio, 95 NY2d at 925).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

On review of submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum.  Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided September 12, 2017