People v Keita (2018 NY Slip Op 04847)





People v Keita


2018 NY Slip Op 04847


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


7019 4413/12

[*1]The People of the State of New York, Respondent,
v
Diango Keita, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Eunice C. Lee of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. McCullough, J. at hearing; Arlene D. Goldberg, J. at jury trial and sentencing), rendered December 18, 2014, convicting defendant of six counts of criminal possession of a forged instrument in the second degree, and sentencing him to concurrent terms of 1½ to 4½ years, unanimously affirmed.
The court properly denied suppression of credit cards found under the hood of defendant's car, the impoundment of which was undisputedly lawful. Police entry into the car and under its hood was reasonable because it was done in compliance with the Police Department Patrol Guide's safeguarding procedure, requiring police to disable all vehicles being safeguarded, in order to prevent theft. The limited entry into the car was done to protect the owner's property, and was not an attempt to search for incriminating evidence, as shown by the fact that, upon discovering the credit cards in the hood, the police did not search any other part of the vehicle (see People v Walker, 20 NY3d 122, 126-127 [2012]; People v Johnson, 1 NY3d 252, 256 [2003]). The officers' failure to perform this safeguarding procedure within the 48-hour period allowed by the Patrol Guide, after which a vehicle is to be moved from the precinct to the Property Clerk's storage facility, was a minor deviation from procedure, and did not undermine the reasonableness of the limited search, where the remainder of the procedure was followed and, as noted, there was no indication that the police were using the procedure as a pretext to search for incriminating evidence (see People v Lee, 29 NY3d 1119, 1120 [2017]; People v Padilla, 21 NY3d 268, 272-273 [2013], cert denied 571 US &mdash, 134 S Ct 325 [2013])). The only violation of the Patrol Guide was a delay in moving the car from one place of lawful police custody to another. We reject defendant's argument concerning the scope of our review, because the hearing court's decision may reasonably be interpreted, in context, as accepting this basis for denial of suppression (see People v Nicholson, 26 NY3d 813, 825 [2016]; People v Garrett, 23 NY3d 878, 885 n 2 [2014]).
The trial court properly received testimony concerning the use of a credit card reader to determine that six of the cards found in the car were forged. There was an adequate foundation as to the device's reliability and accuracy through testimony demonstrating that the device, similar to the credit card readers used in stores, had been used on many prior occasions. The device plainly did not require any kind of calibration or maintenance (cf. People v Boscic, 15 NY3d 494, 499-500 [2010]). Moreover, an officer corroborated the findings of the original card [*2]reader by swiping the cards through a similar reader in open court and obtaining identical results (see People v Knight, 72 NY2d 481, 488 [1988]; People v Magri, 3 NY2d 562, 566-567 [1958]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK