People v White (2022 NY Slip Op 51445(U))

[*1]

People v White

2022 NY Slip Op 51445(U)

Decided on December 2, 2022

Supreme Court, Erie County

Wojtaszek, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 2, 2022
Supreme Court, Erie County

The People of the State of New York,

against
Dazhanique White and Terrance Boyd, Defendants.

Indictment No. 79149-22/001

John J. Flynn, III, Esq.
Erie County District Attorney
BY: Patrick B. Shanahan, Esq.
Assistant District Attorney
Attorney for the People
Timothy D. Gallagher, Esq.
Attorney for the Defendant Dazhanique White
Robert D. Steinhaus, Esq.
Attorney for the Defendant Terrance Boyd

Paul B. Wojtaszek, J.

Defendants Dazhanique White (hereinafter "White") and Terrance Boyd (hereinafter "Boyd") are charged by this indictment with Criminal Possession of a Weapon in the Second Degree, Penal Law § 265.03(3), relative to allegations that occurred August 16, 2021.
The defendants moved to suppress the physical evidence seized pursuant to Section 710.20 of the Criminal Procedure Law and the statements allegedly made by them.[FN1]
A hearing was conducted pursuant to People v Ingle (36 NY2d 413 [1975]) as to the lawfulness of the car stop, and pursuant to People v Huntley (15 NY2d 72 [1965]) to suppress statements. The People objected to the Mapp v Ohio (367 US 643 [1961]), Dunaway v New York (442 US 200 [1979]) hearing arguing the defendants have failed to allege standing. Buffalo Police Officers [*2]Mohammad Ibrahim and Lyana Luciano testified. Testimony was provided over the course of two days (August 5, 2022 and September 2, 2022).
This court has reviewed the following post-hearing submissions:
• Defendant Terrance Boyd's Post-Hearing Submission by Robert D. Steinhaus, Esq. (undated, but submitted under October 24, 2022 cover letter); and
• The People's Memorandum of Law by Patrick B. Shanahan, Esq., dated November 10, 2022.
Findings of Fact and Conclusions of Law:
On August 16, 2021 Officer Mohammad Ibrahim of the Buffalo Police Department was on patrol with his partner Officer Lyana Luciano at approximately 1:05 a.m. in the vicinity of East Ferry Street in Buffalo when a vehicle headed toward them was observed missing its front license plate. Officer Ibrahim initiated a traffic stop, pulled the car over, and approached the vehicle's driver's side. Officer Luciano approached the car's passenger side. In addition to the driver (non-party), Boyd was the front seat passenger and White was a rear seat passenger situated behind the driver. This arrangement was a Facebook ride, which is comparable to Uber or Lyft, in essence an informal rideshare where the driver did not know his fares previously. Upon running the driver's information through the DMV system on the patrol car's computer it was discovered the vehicle did not have active insurance. The driver was able to produce a license, but no insurance or registration. The driver claimed there was insurance on the car while the driver's mother was on the phone with Officer Luciano stating she had the insurance card, but the officers' DMV system indicated otherwise. The driver received a Vehicle and Traffic law summons for the license plate and insurance violations and the car was eventually towed.
While the driver was removed from the car by Officer Ibrahim as a result of the violations, Officer Luciano, from her position on the passenger side of the car where she could observe all its occupants, made a hand gesture to Officer Ibrahim indicating something was not right in the vehicle as she whispered "gun." Officer Luciano saw Boyd pass a small handbag back to White. She also saw White kick the bag underneath the driver's seat. Officer Luciano never heard either defendant say the bag was theirs. At this point Boyd was removed from the car. Officer Ibrahim patted Boyd down, found nothing, and placed him in a patrol car. Officer Luciano testified the driver of the vehicle gave them permission to search his car prior to removing White and Boyd.
White and Boyd were being held in separate patrol cars when the car was searched. Neither was free to leave. Officer Luciano located a small pouch under the driver's seat. She opened it and found a gun inside. White and Boyd were then placed under arrest.
Officer Ibrahim and White interacted after the car was searched and before he asked her a question White said "its mine," in apparent reference to the weapon. White then yelled to Boyd who was already in the patrol car "I'll take the ride for this one." These statements were not made in response to a question. There were no threats or promises made to White or Boyd. Officer Ibrahim did not recall either White or Boyd saying they did not want to talk or otherwise ask for an attorney. Officer Ibrahim did not advise either defendant of the appropriate Miranda warnings. The statements contained in the 710.30 notice made on scene were not preceded by the appropriate Miranda warnings while White was detained. 
Standing:
A person must allege standing to suppress physical evidence by establishing a reasonable expectation of privacy in the place or items searched (see People v Ramirez-Portoreal, 88 NY2d 99 [1996]). If the allegation of standing is disputed the defendant must establish standing [*3](People v Carter, 721, 722-723 [1995]). The defendant has the burden of establishing standing by demonstrating a personal legitimate expectation of privacy, and this can be accomplished by using evidence from the People's case (see People v Whitfield, 81 NY2d 904, 905-906 [1993]).
Neither defendant's allegations of standing nor the testimony otherwise elicited at the hearings that did proceed were sufficient to convey standing.
The initial allegations were insufficient, the testimony at the hearing was insufficient, and when given the opportunity to submit additional papers after the hearing White failed to do so and Boyd's papers failed to establish standing. Officer Luciano saw Boyd pass a small handbag back to White, and she saw White kick the bag underneath the driver's seat. The defendants did not own the car, the driver of the car gave the officers permission to search the car, and neither defendant here retained a reasonable expectation of privacy in the bag (see People v Febo, 167 AD3d 451, 452 [1st Dept 2018], holding no standing where defendant exited the car on the passenger side, threw his backpack (containing a revolver and ammunition) inside, and stepped away from the car). The defendants here could not establish a connection to the car and could not establish that others, such as the driver/owner of the car, "would not have access to the bag," therefore there is no reasonable expectation of privacy (People v Febo, 167 AD3d at 452). A showing of a possessory or proprietary interest in the seized item is not determinative of standing, and "the court must also consider such factors as whether the defendant took precautions to maintain privacy and whether the defendant had the right to exclude other persons from access" (People v Whitfield, 81 NY2d at 906) (internal citations omitted). Neither defendant here demonstrated a sufficient possessory interest with one passing it back when the police arrived, and the other secreting it under the seat of a car she did not own but was simply a one-time passenger in. Neither alleged nor showed sufficient dominion and control over the right to exclude others from either the car itself or the subject bag. While this court acknowledges that merely surrendering property to a third party will not always terminate a legitimate expectation of privacy (see California v Greenwood, 486 US 35, 39-41 [1988], none of the required showings were made here by either defendant, therefore both motions to suppress are denied.
Lawfulness of police activity:
Initially, the People have the burden at a suppression hearing of showing the legality of the police conduct in the first instance (see People v Baldwin, 25 NY2d 66, 70 [1969]; People v Ponce, 203 AD3d 1628 [4th Dept 2022]). Once the People have met this burden, it is the defendant that bears the burden of proving any illegality of the police conduct (see People v Berrios, 28 NY2d 361 [1971]; People v Baldwin, 25 NY2d 66 [1969]). Further, a passenger in a car has standing to challenge the lawfulness of a vehicle stop (see People v Gonzalez, 68 NY2d 950 [1986]).
To meet their burden the People must demonstrate the officers' intrusion was justified pursuant to DeBour's four level of intrusion analysis (see People v DeBour, 40 NY2d 210, 223 [1976]).
In order to stop a moving vehicle, a police officer must have reasonable suspicion that its occupants have committed a crime or observe a Vehicle and Traffic Law violation (People v May, 81 NY2d 725 [1992]; People v Ingle, 36 NY2d 413 [1975]; People v Rose, 67 AD3d 1447 [4th Dept 2009]). A traffic violation such as operating a car without a license plate provides probable cause that the driver committed a traffic violation, and justifies the lawful traffic stop and limited inquiries of the driver (see People v Weishaupt, 118 AD3d 1100, 1102 [3rd Dept 2014]).
A police officer is permitted to order the occupants of a stopped vehicle to either exit or [*4]remain inside to enable him or her to conduct the applicable appropriate investigation or inquiry with safety (see People v Robinson, 74 NY2d 773 [1989]; People v Forbes, 283 AD2d 92 [2nd Dept. 2001]). Such authority must be exercised reasonably while simultaneously respecting the occupants' constitutional rights against unreasonable searches and seizures. 
When it was discovered the driver did not have active insurance it was lawful for the officers to remove the driver for the traffic violations. At this time, Officer Luciano saw Boyd pass a small handbag back to White, and she saw White kick the bag underneath the driver's seat. When she saw this, Officer Luciano made a hand gesture to Officer Ibrahim indicating "something was not right" and whispering "gun."
Ultimately, the police had an articulable basis to question the driver based on their own observations of the driver's violations of the New York Vehicle & Traffic Law.
Huntley:
The People have the burden of establishing the voluntariness of a person's statement beyond a reasonable doubt (People v Witherspoon, 66 NY2d 973 [1985]). Miranda warnings are an absolute prerequisite to custodial interrogation (Miranda v Arizona, 384 US 436 [1966]). The People here have met their "burden of going forward to show the legality of the police conduct in the first instance" as well as their burden of establishing that the statements in question were voluntarily made (See People v Kithcart, 85 AD3d 1558, 1559 [4th Dept 2011], quoting People v DiStefano, 38 NY2d 640 [1976]).
When the car was searched, White and Boyd were being held in separate patrol cars. Neither was free to leave. Officer Luciano then located a small bag under the driver's seat. She opened it and found the gun before White and Boyd were placed under arrest.
Defendant White's Statements:
The statements made by White were made spontaneously and not as a result of any police questioning and are therefore admissible (see People v McFadden, 126 AD2d 970 [4th Dept. 1987]). The statements made by the defendant while being detained were spontaneous statements that were not the result of an interrogation environment or the result of inducement, provocation, or encouragement by police, therefore they need not be suppressed (see People v Roberts, 12 AD3d 835, 836 [3d Dept 2004]).
Defendant Boyd's Statements:
Similarly, any statements made by Boyd captured on the body cam footage were made spontaneously and not as a result of any police questioning and are therefore admissible (see People v McFadden, 126 AD2d 970 [4th Dept. 1987]).
The police activity was lawful at the outset, and the defendants have failed to show by a preponderance of the evidence that the police acted illegally. Therefore, the motions to suppress the statements are denied.
Accordingly, the defendants' motions to suppress the physical evidence and statements are in all respects DENIED.
This decision and order constitutes the order of this court.
DATED: December 2, 2022
Buffalo, New York
PAUL B. WOJTASZEK
Supreme Court Justice

Footnotes

Footnote 1:At the hearing the parties seemed to be in agreement that only defendant White was challenging statements pursuant to a Huntley hearing, but upon receiving post-hearing submissions from Boyd and the People, the admissibility of Boyd's "statements" is raised. As such the court will rule on the admissibility of both defendants' statements.