People v Cisse (2024 NY Slip Op 03093)

People v Cisse

2024 NY Slip Op 03093

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Webber, J.P., Oing, Kapnick, Rosado, Michael, JJ. 

Ind No. 70527/22 Appeal No. 2449 Case No. 2022-04291 

[*1]The People of the State of New York, Respondent,
v
Siaka Cisse, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Corina R. Scott of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Brent E. Yarnell of counsel), for respondent.

Judgment, Supreme Court, New York County (Cori H. Weston, J., at suppression hearing; Neil E. Ross, J., at plea and sentencing), rendered September 6, 2022, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of 364 days, unanimously affirmed.
As an initial matter, we find defendant's waiver of the right to appeal to be invalid. The court did not make clear that the right to appeal is separate and distinct from the trial rights defendant was waiving by entering a guilty plea (see People v Ellis, 194 AD3d 428, 428 [1st Dept 2021], lv denied 37 NY3d 964 [2021]; People v Bonilla, 211 AD3d 614, 615 [1st Dept 2022]). The court further failed to explain that a waiver of the right to appeal is not an absolute bar to direct appeal and that some issues are nonwaivable (see People v Bisono, 36 NY3d 1013, 1017). Thus, the record does not demonstrate that defendant had a full appreciation of the consequences of the waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Thorne, 207 AD3d 73, 77 [1st Dept 2022]). The written waiver also does not cure the defects in the court's oral colloquy, as there was a conflict between the colloquy and the written waiver, thus causing confusion as to waiver's effect (see People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; Thorne, 207 AD3d at 77).
As to the merits of the suppression issue, the court properly denied defendant's motion to suppress the guns recovered in the two separate incidents. As to the November 2021 incident, the hearing testimony established that the police had reasonable suspicion to believe that defendant was engaged in criminal activity, justifying their pursuit of defendant. In response to a radio run of a domestic dispute involving a gun, which also identified the defendant by name, the police entered an apartment building, whereupon they encountered a woman who told them, "He's upstairs." As the police ascended the stairs in the stairwell, defendant was coming down and, upon seeing the police, ran back up and fled. Defendant's immediate flight, combined with the other circumstances, gave rise to reasonable suspicion (see People v Parker, 32 NY3d 49, 56 [2018]; People v Archer, 160 AD3d 553, 554 [1st Dept 2018], lv denied 31 NY3d 1144 [2018]). The fact that defendant's clothing only partially fit the description of the clothing the suspect was wearing as transmitted over the radio does not warrant a different conclusion (see People v Wiley, 209 AD2d 361 [1st Dept 1994], lv denied 85 NY2d 944 [1995]). Defendant's discarding of his jacket, from which the police later recovered the gun, constituted an act of abandonment that was not precipitated by police illegality (see People v Boodle, 47 NY2d 398 [1979], cert denied 444 US 969 [1979]).
As to the January 2022 incident, the police lawfully recovered the gun from defendant's car during a valid inventory search after defendant's arrest for an unrelated [*2]crime. The People met their burden of establishing that the officers conducted the search in accordance with established procedure, and that the primary purpose was to protect the officers from dangerous instrumentalities and against unwarranted claims of theft (see People v Lee, 29 NY3d 1119, 1120 [2017]; People v Padilla, 21 NY3d 268, 272 [2013], cert denied 571 US 889 [2013]). The fact that the officers knew that contraband might be recovered did not invalidate the search (see Lee, 29 NY3d at 1120).
Defendant has not established that he has standing to challenge New York's gun licensing scheme, or that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Castillo, 226 AD3d 573, 575 [1st Dept 2024]; Johnson, 225 AD3d at 455).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024