People v Cunningham (2025 NY Slip Op 03890)

People v Cunningham

2025 NY Slip Op 03890

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

325 KA 23-01334

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMEL CUNNINGHAM, ALSO KNOWN AS JOSHUA CUNNINGHAM, DEFENDANT-APPELLANT. 

NICHOLAS T. TEXIDO, BUFFALO, FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered July 26, 2023. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence is granted, the indictment against defendant is dismissed, and the matter is remitted to Erie County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress two guns that were found in the glove box of the vehicle he had been driving because the guns were recovered during an unlawful inventory search. We agree.
"An inventory search is exactly what its name suggests, a search designed to properly catalogue the contents of the item searched" (People v Johnson, 1 NY3d 252, 256 [2003]). The objectives of an inventory search are to protect the property of the defendant, to protect the police against any claim of lost property, and to protect police personnel and others from any dangerous instruments (see id.; see also Florida v Wells, 495 US 1, 4 [1990]). An inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence (see Wells, 495 US at 4; Johnson, 1 NY3d at 256), and an inventory search will be constitutionally invalid where the search was merely a pretext to search for evidence of a crime (see Johnson, 1 NY3d at 257; see also People v Lewis, 217 AD2d 591, 592-593 [2d Dept 1995]). Thus, an inventory search should be conducted pursuant to "an established procedure clearly limiting the conduct of individual officers that assures that the searches are carried out consistently and reasonably" (People v Galak, 80 NY2d 715, 719 [1993]). "While incriminating evidence may be a consequence of an inventory search, it should not be its purpose" (Johnson, 1 NY3d at 256; see People v Williams, 214 AD3d 1395, 1396 [4th Dept 2023], lv denied 40 NY3d 931 [2023]).
Here, the record reveals that the purported inventory search was actually a pretext to search for contraband. At the suppression hearing, the testimony and body-worn camera footage established that one of the officers who stopped defendant's vehicle identified him and testified that defendant had, earlier that day, been identified as someone likely to be in possession of a weapon. Following the traffic stop and while defendant was being detained pursuant to an outstanding arrest warrant, two other officers arrived on the scene. One of the arriving officers identified the vehicle defendant was driving as one that the police thought defendant would be using and would be keeping a weapon in. The other arriving officer promptly began searching the front passenger area of the vehicle; he opened the glove box and found a weapon, prompting a police officer to observe "oh, there it is." At that point, another officer said "let's check for the [*2]second one," and shortly thereafter a second weapon was found in the same spot, precisely as predicted by that officer.
As one of the police officers who testified at the suppression hearing admitted, the police essentially conducted two searches of defendant's vehicle following the traffic stop and detention. The first search resulted in the discovery of the weapons, whereas the second search was conducted to inventory the contents and damage to the vehicle. In our view, based on the evidence at the hearing, the first search was clearly a ruse to find weapons possessed by defendant and was not a proper inventory search. Our conclusion is not based merely on the fact that, in conducting the first search, the "officers knew that contraband might be recovered" from the vehicle (People v Lee, 29 NY3d 1119, 1120 [2017]). Rather, the evidence at the suppression hearing demonstrated that the officers' purpose in conducting the first search was to find specific weapons in a specific vehicle possessed by a specific person, i.e., defendant. We also note that the officers did not begin the second search until about ten minutes after the weapons were discovered, and it was only at that time that an officer began filling out an inventory search form. The facts that the inventory search form was not made contemporaneously with the first search, as required by Buffalo Police Department policy, and that it was incomplete to the extent it failed to note, as required, obvious damage to the vehicle, merely underscores and corroborates our conclusion that the first search of the vehicle was pretextual. Thus, the People failed to meet their burden of establishing a valid inventory search (see id.; Johnson, 1 NY3d at 256; People v Espinoza, 174 AD3d 1062, 1063 [3d Dept 2019]; People v Elpenord, 24 AD3d 465, 467 [2d Dept 2005]).
Inasmuch as the People failed to meet their burden at the suppression hearing, the court erred in refusing to suppress the guns found in the vehicle. We therefore reverse the judgment, vacate the plea, grant that part of defendant's omnibus motion seeking to suppress physical evidence, and dismiss the indictment against him. In view of the foregoing, we need not address defendant's remaining contention.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court