Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered February 15, 2006, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree and reckless endangerment in the second degree, and sentencing him to an aggregate term of 1 to 3 years, unanimously affirmed.
The court properly denied defendant’s suppression motion. The police observed defendant’s car traveling more than 80 miles per hour and cutting off other cars. Accordingly, the police had probable cause to arrest defendant for, at least, second-degree reckless endangerment (see People v Gittens, 110 AD2d *445 908 [2d Dept 1985]), which is a crime and not a traffic infraction. It was also reasonable under the circumstances for the police to impound the car and conduct an inventory search (see People v Walker, 20 NY3d 122 [2012]). This search was conducted pursuant to standardized guidelines that were introduced into evidence, and that were designed to safeguard defendant’s property, protect the police against claims of theft, and guard against dangerous instrumentalities (see People v Galak, 80 NY2d 715, 718-719 [1993]). Those guidelines require the police to check any area that may contain valuables. The officer testified that valuables might be stored in the spare tire compartment in the trunk of a car; accordingly, he did not exceed the permissible scope of the search in checking that compartment and seizing and vouchering the cocaine and other items found there. Furthermore, the property clerk’s invoices, even if not ideal, sufficed as a meaningful inventory list (see Walker, 20 NY3d 122).
Defendant’s challenges to sufficiency of the evidence and his related claims regarding the chemical analysis of the drugs are unpreserved and we decline to review in the interest of justice. As an alternative holding, we find these arguments to be without merit. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations. Concur—Mazzarelli, J.P., Acosta, Saxe, Renwick and Clark, JJ.