People v Galindo (2023 NY Slip Op 02766)

People v Galindo

2023 NY Slip Op 02766

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Webber, J.P., Kern, Oing, Scarpulla, Rodriguez, JJ. 

Ind. No. 555/18 Appeal No. 293 Case No. 2019-2354 

[*1]The People of the State of New York, Respondent,
v
Nestor Galindo, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ying-Ying Ma of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J. at motions; Ann E. Scherzer, J. at plea and sentencing), rendered January 29, 2019, convicting defendant of assault in the second degree as a hate crime, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously modified, on the law, to the extent of amending the sentence and commitment sheet to reflect the correct statute of conviction, Penal Law § 120.05(2), and otherwise affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression claim. The record of the plea proceeding, along with the detailed written waiver that defendant reviewed with counsel, established that defendant understood the rights being waived (see People v Thomas, 34 NY3d 545, 559 [2019] cert denied 589 US —, 140 S Ct 2634 [2020]). The court adequately explained defendant's appellate rights without conflating them with those automatically forfeited upon his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]). The court did not state or imply that defendant was giving up his right to any possible appeal, and "[t]o the extent the court's oral colloquy could be viewed as suggesting that defendant was waiving all appellate rights, any ambiguity was resolved by the written waiver" (see People v Ruperto, 200 AD3d 566, 567 [1st Dept 2021], lv denied 38 NY3d 953 [2022]; see also People v Bryant, 28 NY3d 1094, 1096 [2016]). At the court's direction, counsel conferred with defendant about the appeal waiver in the courtroom before the plea colloquy. Then, during the colloquy, the court referred specifically to the signed waiver and confirmed that defendant understood it.
The sentence and commitment sheet should be amended to the extent indicated to correct a clerical error.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 23, 2023