People v Batista (2024 NY Slip Op 04526)

People v Batista

2024 NY Slip Op 04526

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Ind. No. 4279/17 Appeal No. 2583 Case No. 2020-00618 

[*1]The People of the State of New York, Respondent,
v
Raimundo Batista, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Nathan R. Brown of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J., at suppression hearing; Ann E. Scherzer, J., at plea and sentencing), rendered January 23, 2019, as amended February 21, 2019, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of four years, unanimously affirmed.
Defendant's waiver of his right to appeal is valid. The court adequately explained the nature of the right to appeal to defendant (see People v Galindo, 216 AD3d 550 [1st Dept 2023], lv denied 40 NY3d 996 [2023]).
In any event, the court properly denied defendant's motion to suppress the gun recovered pursuant to an inventory search of defendant's car conducted at the scene of a traffic stop. Defendant's argument that he was not under arrest at the time of the search is unpreserved, both because he failed to raise the issue to the motion court and because, on appeal, he failed to dispute the motion court's specific finding that he was arrested before the officers began the search. Moreover, we decline to review it in the interest of justice. Even if he had challenged the court's ruling on that issue, we would have rejected it, because we would find that the evidence established that the police had placed defendant under arrest upon discovering that he had two outstanding warrants, even though he was not handcuffed.
The People met their burden of demonstrating that the officers conducted the search in accordance with established procedure, and that the search was undertaken for the primary purposes of protecting defendant's property and protecting the officers from unwarranted claims of theft and dangerous instruments (see People v Lee, 29 NY3d 1119, 1120 [2017]; People v Padilla, 21 NY3d 268, 272 [2013], cert denied 571 US 889 [2013]). The search of the trunk, where the gun was recovered, was justified because it was "[an] area that may contain valuables" (People v Ramirez, 103 AD3d 444, 445 [1st Dept 2013], lv denied 21 NY3d 1008 [2013]). That the police did not create a contemporaneous inventory of items, but rather inventoried the property later at the precinct, where the gun was taken for processing by the evidence collection team and where the search of the car continued, did not invalidate the search.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024