People v Moore (2025 NY Slip Op 00054)

People v Moore

2025 NY Slip Op 00054

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Ind. No. 2100/21 Appeal No. 3433 Case No. 2023-05394 

[*1]The People of the State of New York, Respondent,
v
Alan Moore, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Brendan Lantry, J., at plea; Abraham L. Clott, J., at sentencing), rendered October 17, 2023, convicting defendant of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of six years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed on defendant at sentencing, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US -, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]). Although he initially agreed to plead guilty in exchange for the six-year prison term followed by three years of postrelease supervision, upon the People's realization — during the plea hearing itself — that the statutorily mandated term of postrelease supervision for a Class D second violent felony offender is five years (Penal Law § 70.45[2]), the People revised their offer accordingly. The court then repeated this offer to defendant, including that the plea bargain was contingent on the waiver of defendant's right to appeal, and the court "elicit[ed] defendant's continuing consent to waive his right to appeal" by asking whether he still wished to plead guilty and waive his right to appeal and by further ensuring defendant's understanding that the postrelease supervision term was to be five years instead of three (People v Johnson, 14 NY3d 483, 487 [2010]). Indeed, defendant entered a guilty plea afterwards. Additionally, to the extent that the oral colloquy may have been ambiguous, "any ambiguity was resolved by the written waiver" (People v Ruperto, 200 AD3d 566, 567 [1st Dept 2021], lv denied 38 NY3d 953 [2022]; accord People v Ramos, 7 NY3d 737, 738 [2006]; People v Diallo, 217 AD3d 459, 459 [1st Dept 2023], lv denied 40 NY3d 950 [2023]; People v Galindo, 216 AD3d 550, 550 [1st Dept 2023], lv denied 40 NY3d 996 [2023]). Accordingly, defendant's valid waiver of his right to appeal "forecloses review of his excessive sentence claim" (People v Orenstein, 230 AD3d 1068, 1069 [1st Dept 2024]).
In any event, we perceive no basis for reducing defendant' sentence.
Based on defendant's age at the time of the offense, his showing that the surcharge and fees "would work an unreasonable hardship on the defendant, his or her family, or any other person who is dependent on such defendant for financial support," and in the interest of justice, we vacate the surcharge and fees imposed on defendant at sentencing (CPL 420.35[2-a][a],[c]; see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025