People v Robinson

2026 NY Slip Op 02344

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Kaliq Robinson, Defendant-Appellant.

Decided and Entered: April 16, 2026

Ind No. 70127/22|Appeal No. 6398|Case No. 2023-00512|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin G. Wiener of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Larry Glasser of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Lester B. Adler, J.), rendered January 18, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to three years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay the surcharge and fees imposed at sentencing, and otherwise affirmed.

Defendant validly waived his right of appeal, which tracked the model colloquy the Court of Appeals endorsed in People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US 1302 [2020]). "While the court did not enumerate the claims that survived the waiver of appeal during its colloquy, the written waiver listed them, and the court confirmed that defendant reviewed the waiver with counsel and understood it" (People v Holmes, 235 AD3d 435, 435 [1st Dept 2025], lv denied 43 NY3d 1009 [2025]). Thus, the oral colloquy, "along with the detailed written waiver that defendant reviewed with counsel, established that defendant understood the rights being waived" (People v Galindo, 216 AD3d 550, 550 [1st Dept 2023], lv denied 40 NY3d 996 [2023]). Defendant's valid waiver forecloses his excessive sentence claim and his as-applied constitutional challenges to the conditions of probation.

Defendant's valid appeal waiver does not foreclose from review his Second Amendment claim pursuant to New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) because Bruen claims are "facial constitutional challenges" and thus "non-waivable" (People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *3 [2025]). Additionally, defendant has "standing to challenge the facial constitutionality of the state's firearm licensing scheme, notwithstanding his failure to apply for a license" (2025 NY Slip Op 06528, *2). However, on the merits, defendant has failed to establish that the indictment is unconstitutional.

To the extent that defendant challenges the "good moral character" provision in Penal Law § 400.00(1)(b), his argument is unpreserved because he failed to raise it in his motion to dismiss the indictment, and we decline to review it in the interest of justice (see People v Cabrera, 41 NY3d 35, 41-52 [2023]). As an alternative holding, we reject it on the merits (see e.g. People v Guzman, 237 AD3d 570, 571�[1st Dept 2025],�lv�denied�44 NY3d 993 [2025]).

Defendant's valid waiver also forecloses review of his vagueness and First Amendment challenges to probation condition 7 insofar as they are as-applied challenges; to the extent that they are facial constitutional challenges, they survive his waiver (see People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]). However, defendant's constitutional challenges are unpreserved because he did not raise them before the trial court (see Cabrera, 41 NY3d at 42), and we decline to reach them in the interest of justice.

[*2]

Defendant's non-constitutional challenges to probation condition 7 survive his waiver of the right to appeal and do not require preservation because the "issue implicates the legality of the sentence imposed" (People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). At the time of his arrest, defendant possessed a loaded firearm. Accordingly, the sentencing court providently deemed it "reasonably necessary" to order defendant to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" "to [e]nsure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1], [2]; see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]).

Defendant's challenge to probation condition 10, the requirement that he pay the mandatory surcharge and court fees imposed at sentencing, also survives his waiver of the right to appeal (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). We strike the condition as it is not reasonably related to defendant's rehabilitation or necessary to ensure that he will lead a law-abiding life (see id.).

Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing his sentence.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026