People v Harrell
2026 NY Slip Op 03891
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Troy Harrell, Defendant-Appellant.

Decided and Entered: June 18, 2026
Ind No. 2566/17|Appeal No. 6927|Case No. 2021-00498|
Before: Kennedy, J.P., Friedman, Gesmer, Michael, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth I. Lagerfeld of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Mari Bijimenian of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Laura Ward, J., at hearing; Steven Statsinger, J., at plea; Kathryn Paek, J., at sentencing), rendered March 3, 2020, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony drug offender, to a term of 6 years, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress the cocaine recovered during an inventory search of his car after his arrest (see People v Padilla, 21 NY3d 268, 272 [2013], cert denied 571 US 889 [2013]; People v Walker, 20 NY3d 122, 125 [2012]). The People met their burden to demonstrate that the officer conducted the search in accordance with established procedure, and that the search was undertaken for the primary purposes of protecting defendant's property and protecting the officers from unwarranted claims of theft and dangerous instruments (see People v Johnson, 1 NY3d 252, 256 [2003]; People v Galak, 80 NY2d 715, 719 [1993]). The People provided the court with the relevant portions of the NYPD Patrol Guide, and the officer testified that he had performed around a hundred inventory searches, most of which involved vehicles, and he followed the Patrol Guide's guidelines and instructions when searching defendant's car (see People v Gomez, 13 NY3d 6, 11 [2009]). The officer explained that he thoroughly searched the vehicle, including any area that may contain valuables, such as the trunk and the spare tire well, where he discovered the narcotics (see People v Ramirez, 103 AD3d 444, 445 [1st Dept 2013], lv denied 21 NY3d 1008 [2013]). After the search, the officer filled out property search invoice sheets documenting every item recovered from defendant's car, including innocuous items such as sunglasses, a backpack, socks, and two cell phones, and copies of these invoices were admitted into evidence at the hearing (see People v Lee, 143 AD3d 626, 628 [1st Dept 2016], affd 29 NY3d 1119 [2017]). Under these circumstances, the court correctly determined that the inventory search was conducted properly, pursuant to the NYPD Patrol Guide (see People v Douglas, 40 NY3d 385, 389 [2023]). There is no basis to disturb the hearing court's credibility determinations and detailed findings of fact (see People v Prochilo, 41 NY2d 759, 761 [1977]; Lee, 143 AD3d at 627).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026